## WOLF v. ESTEB.

*A.* gave a mare with foal by an ass to *B.*, stipulating that if she should prove to be with foal, the colt was to be *A.'s*. *B.* sold the mare to *C.*, without informing him of the reservation of the colt by *A.*

*Held*, that the reservation of the colt by *A.*, was a valid one.

*Held*, also, that *B.'s* possession of the colt was that of a bailee.

*Held*, also, that the sale by *B.* to *C.* (being that by a bailee of property bailed) conferred no title to the colt upon *C.*

*Held*, also, that *C.'s* remedy was against *B.*, for breach of warranty of title implied in the sale of chattels.

The subject of a contract need only have a potential existence.

APPEAL from the *Wayne* Court of Common Pleas.

GOOKINS, J.—*Wolf* brought an action against *Esteb*, before a justice of the peace, to recover a mule colt. On appeal to the Common Pleas, there was a trial by jury, and a verdict and judgment for the defendant. The evidence conduced to prove that the plaintiff gave a mare with foal by an ass, to one *Thomas*, stipulating that if she

should prove to be with foal, the colt was to be his, the donor's; that *Thomas* sold the mare to the defendant, without informing him of the reservation of the colt by *Wolfe*. After the colt was foaled, the plaintiff demanded it of the defendant, and he refused to deliver it; whereupon this action was brought.

The Court instructed the jury, in effect, that the reservation of the colt by *Wolfe*, being inconsistent with the gift or sale, was void; that the colt being unborn, there was no property in it separate from the mother; that the plaintiff, by parting with the mare, parted with the property in the colt; and that having no general or special property in the subject of the action, he could not recover.

The jury were further instructed, that if the defendant had no knowledge of the reservation when he purchased the mare from *Thomas*, the plaintiff could not recover.

We think both the instructions were erroneous. A gift is a contract, based upon a good consideration. It was the mare that was given, and not the colt. Animals unborn may be the subject of contract. The subject of a contract need only have a potential existence. 2 Kent's Comm. 468, and note, and authorities cited.

The second instruction sought to apply the doctrine of *bona fide* purchaser of real estate to a sale by the bailee of personal property. *Thomas* was the bailee of personal property. *Thomas's* possession of the colt was a bailment. The sale by the bailee of property bailed, confers no title upon the purchaser, as against the general owner, although he had no notice of the bailment. His remedy is against the vendor, for breach of warranty of title implied in a sale of chattels.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*G. W. Julian, J. S. Newman* and *J. P. Siddall*, for the appellant.

*C. H. Test* and *J. M. Wilson*, for the appellee.