No. 11,622.

## CURME, DUNN & CO. ET AL. *v.* RAUH ET AL.

FRAUD.—*Chattels.—Bona fide Purchaser.*—A purchaser of chattels for value without notice, who buys from one who bought with intent not to pay, takes a good title against the original seller. *Aliter,* if he had notice of the intended fraud.

SAME.—*Evidence.*—In replevin by the seller against a mortgagee of the buyer, based on the theory that the buyer did not, when he purchased, intend to pay, the plaintiff introduced as evidence tending to show the buyer's insolvency a balance sheet made by the buyer, showing the state of his business, also his list for taxation, both made shortly before the purchase.

*Held,* that these were admissible.

*Held,* also, that the belief of the defendant when he took his mortgage, that the mortgagor was solvent, was immaterial and incompetent as evidence in his behalf.

PRACTICE.—*Discretion.—Admission of Evidence after Argument has Begun.*—The court may, in its discretion, admit further evidence after argument has begun.

SAME.—*Evidence.— Lost Writing.*—Upon sufficient proof of the loss of a writing, its contents may be proven by parol.

SAME.—*Impeachment of Witness.— Contradictory Statements.*—Section 508, R. S. 1881, authorizes the impeachment of a witness by proof of his contradictory statements, when he has answered that he does not recollect having made them.

EVIDENCE.—*Opinion.*—The opinion of a mortgagor of chattels as to the value thereof may be shown by proof of the fact that he offered the same goods absolutely in payment of the mortgage debt.

BONA FIDE PURCHASER.— *Chattel Mortgage.* — A mortgagee of chattels which had been purchased by the mortgagor with intent not to pay for them, who takes his mortgage without notice to secure a pre-existing debt, without any new consideration, can not hold them against the seller, because he is not a *bona fide* purchaser.

SALE OF CHATTELS.— *Delivery.—Condition.*—Upon the sale of goods for cash, a delivery in expectation of immediate payment is conditional, and until payment or waiver thereof no title passes.

From the Wayne Circuit Court.

*W. A. Bickle* and *C. H. Burchenal,* for appellants.

*D. W. Comstock* and *H. U. Johnson,* for appellees.

BICKNELL, C. C.—This was an action by the appellants

against the appellees to recover the possession of personal property, alleged to be unlawfully detained by the defendants from the plaintiffs.

The defendants answered by a general denial and a special plea of property in themselves. The plaintiffs replied in denial of the special plea.

The issues were tried by a jury who returned a verdict for the plaintiffs against the defendants Bickle and Dougan, and in favor of the defendants Curme, Dunn & Co. Curme, Dunn & Co. were a corporation. A motion by the defendants Bickle and Dougan for a new trial was overruled; judgment was rendered on the verdict; Bickle and Dougan appealed.

Three errors are assigned, but the only one discussed in the appellants' brief is the following: 3. The court erred in overruling the motion for a new trial. The first and second reasons for a new trial are, that the verdict is contrary to law, and is not sustained by sufficient evidence.

The goods had been purchased by Curme, Dunn & Co. from the plaintiffs, who claimed that the sale was for cash, and that, the money not being paid, no title passed to Curme, Dunn & Co. They also claimed that the sale was voidable because the goods were bought with the design not to pay for them. The defendants claimed that the sale was on thirty days' time, and that the defendants Bickle and Dougan were *bona fide* purchasers for value.

The undisputed facts were as follows: On the 15th of August, 1883, Curme, Dunn & Co., dealers in leather, at Richmond, Indiana, wrote to the appellees, at Dayton, Ohio, as follows: " What have you to offer in the way of heavy steers for harness; also, heavy cows and heifers, light No. 1 hides, forty to fifty-five pounds? Send us price."

On the 16th of August, 1883, the appellees replied, stating prices and offering to sell, but making no mention of credit.

On the 20th of August, 1883, Curme, Dunn & Co. wrote to the appellees as follows: " You may ship us fifty light prime No. 1 hides, forty to fifty pounds; fifty light bulls, such

as you mention in your letter of August 16th. Get through bill of lading."

On the 23d of August, 1883, the appellants wrote to Curme, Dunn & Co., enclosing their bill and the bill of lading of the hides ordered as above, and offering to sell more, and stating in a postscript: "You can remit us amount bill; we will not draw."

On the 27th of August, 1883, Curme, Dunn & Co. wrote to the appellees, stating that the above shipment had just arrived, and ordering a further shipment of fifty heavy cow and heifer hides.

On the 29th of August, 1883, the appellees replied, enclosing bill of lading of said last mentioned fifty hides, and soliciting further orders; and on the 3d of September, 1883, the appellees again wrote, offering more hides and requesting a remittance for the two bills aforesaid.

The hides were received by Curme, Dunn & Co., at Richmond, the first shipment on the 25th of August, 1883, and the second shipment on the 31st of August, 1883. Curme, Dunn & Co., stopped doing business on the 1st of September, 1883.

On the 30th of August, 1883, Curme, Dunn & Co. mortgaged all their property, real and personal, to the appellants Bickle and Dougan, to secure the payment of two notes, payable one day after date, one of them to Dougan for $12,000, dated June 20th, 1882, and the other to Bickle for $10,000, dated June 14th, 1882, and each bearing eight per cent. interest. The mortgage recited that these notes were given for money loaned, and provided that on default of payment of either of the notes, the mortgagees might immediately take possession of all of the mortgaged property, and should thereby be invested with the title to all of it, with power to sell the same, or continue the business, at their option, until fully repaid.

On the 5th of September, 1883, Curme, Dunn & Co. gave a cognovit, authorizing a confession of judgment upon said

notes and mortgage without relief from valuation or appraisement laws.

At the September term, 1883, of the Wayne Circuit Court, judgment was rendered upon said cognovit in favor of said Bickle for $10,698.29, and costs, and in favor of said Dougan for $12,810.40, and costs. In the meantime, on the 1st of September, 1883, Bickle and Dougan had taken possession under the mortgage of all the mortgaged property, including the hides in controversy, which had been put in process of manufacture into leather.

On the 5th of September, 1883, after demand made upon Bickle and Dougan, and refusal, this suit was brought; it was tried on the 17th, 18th and 19th days of October, 1883.

It appeared that a prior mortgage had been executed by Curme, Dunn & Co. to Bickle and Dougan on the 20th of August, 1883, and that the only difference in the contents of the mortgages was that the second mortgage embraced a horse and wagon which were not included in the first mortgage. The first mortgage had not been recorded. There was evidence that this mortgage had been lost, and parol evidence was given of its contents.

There was some conflict in the testimony as to the indebtedness of Curme, Dunn & Co., and as to the value of their property, and their ability to pay their debts.

Arthur Curme testified that after the date of the first order for the hides, and before the hides were sent, an agent of the appellees called at his office, who, on being informed by Curme that he expected thirty days' time to pay for the hides, replied, " That will be all right." But that agent denied that any such conversation had been held at that interview.

The appellant Bickle testified: "At the time of the taking of the mortgage I did not know that Curme, Dunn & Co. had bought any goods with intent of not paying for them ; at the time we took the mortgage I had no knowledge that they had any fraudulent intent."

The appellant Dougan testified: "At the time the mortgage

was executed I did not know that Curme, Dunn & Co. had purchased any property they did not intend to pay for. I had no notice, knowledge or belief that they executed the mortgage to defraud any one; I did not accept the mortgage with intent to defraud or cheat any of the creditors of Curme, Dunn & Co."

The following are the rules of law applicable in this case:

The attempted sale of personal property by a party without title transfers no title, as where a naked bailee undertakes to sell the subject of the bailment. *Wolf* v. *Esteb,* 7 Ind. 448. Or where a thief undertakes to sell the property stolen. *Robinson* v. *Skipworth,* 23 Ind. 312; *Breckenridge* v. *McAfee,* 54 Ind. 141. So where the property is sold on condition that the title shall not pass until payment made. *Thomas* v. *Winters,* 12 Ind. 322; *Dunbar* v. *Rawles,* 28 Ind. 225; *Bradshaw* v. *Warner,* 54 Ind. 58.

In such cases, the owner of the property, the original vendor, may maintain replevin therefor against the vendee, or even against an innocent purchaser from the vendee for value, without notice. But where there is an absolute sale and delivery of personal property by the owner to the vendee, and the sale is merely voidable on account of fraud in the vendee, such vendee may transfer a good title by a sale made to a *bona fide* purchaser for value. *Claflin* v. *Cottman,* 77 Ind. 58. It is true fraud vitiates every transaction, yet fraud of the vendee in procuring a sale does not render the sale absolutely void, but makes it voidable only. The party defrauded may still affirm the sale, which he could not do if it were void. *Bell* v. *Cafferty,* 21 Ind. 411.

A purchase of goods, with a design of not paying for them, is such a fraud upon the vendor as will make the sale voidable. 1 Parsons Con. 569, 570; *Evansville, etc., R. R. Co.* v. *Erwin,* 84 Ind. 457.

The unqualified delivery and acceptance of possession complete the sale, and give the buyer the absolute rights of property and possession in the thing sold, though the price be un-

paid and the buyer insolvent, unless, indeed, the whole trans-
action is vitiated by fraud. Blackburn Sales, 202. The party
who claims as purchaser from a fraudulent vendee must be a
*bona fide* purchaser for value. "A party who obtains the goods
from the fraudulent purchaser, without notice of the fraud,
in the usual course of trade,—that is, who gives value for
them, makes advances upon them, incurs responsibilities upon
the credit of them, or receives them in pledge for money or
property loaned upon the strength of them,—may hold the
goods against the vendor, being a *bona fide* purchaser." 2
Hilliard Torts, 80. Fraud is a question of fact for the jury.
*Rhodes* v. *Green*, 36 Ind. 7. It may be deduced from facts,
incidents and circumstances, which may be trivial in them-
selves, but decisive evidence in the given case of a fraudulent
design. 2 Kent Com. 484.

Applying the foregoing rules to the evidence, we think the
verdict was not contrary to law, and as there was evidence
tending to sustain it, it can not be disturbed.

There was evidence tending to show that here was a sale
for cash which was not paid; there was evidence tending to
show that the goods were bought with the design of not pay-
ing for them, and that Bickle and Dougan were not *bona fide*
purchasers for value.

The next question arising upon the motion for a new trial,
and discussed by the appellants, is, that "the court erred in
refusing to allow the defendants to prove by said William A.
Bickle his understanding and belief at the time of the execu-
tion of the mortgage by Curme, Dunn & Co., as to the sol-
vency and means of said Curme, Dunn & Co."

We think there was no error in this. There was no charge
of fraud against Bickle and Dougan. Arthur Curme had
already testified in behalf of the appellants: "I believed the
assets were ample to pay for all indebtedness." The opinion
of Mr. Bickle as to the solvency of Curme, Dunn & Co., at
the time of the execution of the mortgage, was immaterial
and incompetent. If the sale was conditional only, then

Curme, Dunn & Co., whether insolvent or not, could not make a valid title to Bickle and Dougan. If the sale was absolute, and yet voidable for the fraud alleged, then, if Bickle and Dougan gave value for the goods, without notice of that fraud, their title would be good, whether Curme, Dunn & Co. were insolvent or not.

The next alleged errors of law occurring at the trial are that the court allowed the plaintiffs to introduce in evidence a certain balance sheet, entitled, "Balance sheet Curme, Dunn & Co., May 2d, 1883," and also erred in permitting it to be introduced after the evidence was closed and the argument had commenced. It is within the discretion of the court to admit an item of evidence after the argument has commenced. *Beagles* v. *Sefton,* 7 Ind. 496. The writing admitted was executed by Curme, Dunn & Co., in the course of their business, and purported to show their financial condition on the 2d of May, 1883. We think it was competent.

The appellants also urge, as error, the admission of the tax list, marked "Exhibit A, J. H. K." This was a tax list, headed "Form No. 3." "Statements of Corporations," etc. It was required to be made under section 89 of the act of March 29th, 1881, concerning taxation. It was signed and sworn to by Arthur Curme, the president of Curme, Dunn & Co., and purported to show the actual value of the capital stock and personal property of the company. We think this was competent. *Painter* v. *Hall,* 75 Ind. 208.

The next errors alleged and discussed are, that the court permitted proof of the execution and contents of the mortgage, dated August 20th, 1883. We think there was sufficient proof of the execution and loss of this instrument to authorize proof of its contents.

It is next objected that the court erred in permitting the witness, Robbins, to contradict the witness Curme by proof of statements formerly made by him, different from those made on the present trial, and in refusing to strike out the testimony of the witness Robbins. The appellants' counsel

refer to *Mendenhall* v. *Banks*, 16 Ind. 284, as authority to show that when a witness says he has no recollection of making a statement, you can not prove that he did, because there is nothing to contradict, but this old rule has been changed by statute. Acts Spec. Sess. 1861, p. 33. There was no error in these matters.

Appellants next complain of the ruling of the court permitting Curme to testify that after Bickle and Dougan had taken possession of the property under the mortgage, the company offered to Bickle and Dougan to turn over to them all of the property in payment of their claim. This was certainly competent; it was an act of theirs tending to show their estimation of the value of the property.

The next error alleged and insisted on is that the court refused to permit the defendants to prove by Arthur Curme the purpose for which Curme, Dunn & Co. ordered and bought the hides in controversy. Curme had already testified as to that; he had stated that when the goods were ordered the intention was to pay for them and to continue business right along. There was no available error in this ruling.

The next error insisted upon is that the court erred in refusing to permit the defendants to prove by William Krass the statement made to him by Arthur B. Curme immediately after the conversation between him and the plaintiffs' representative, and while said representative was still on the premises, and near enough to hear such statement. But this ruling was right, because the evidence shows that this statement was not made in the presence or hearing of said representative.

The only other reasons for a new trial which are discussed in the appellants' brief are, that the court erred in giving and refusing instructions.

The first instruction refused by the court is as follows:

"1. If you believe from the evidence that Wm. A. Bickle and John B. Dougan in good faith loaned the money set out in the mortgage set out in this case, and thereafter took said

mortgage to secure the payment of said money, and if you believe that Curme, Dunn and Co., for the purpose of paying said Bickle and Dougan, or to enable said Bickle and Dougan to make their said money, turned over and delivered to said Bickle and Dougan all the personal property then in the visible possession and control of said Curme, Dunn & Co., and if said Bickle and Dougan, in good faith and without any knowledge or information of any fraud, or any other way in and by which said Curme, Dunn & Co. acquired said property, took and accepted said property to pay their said debt in good faith as aforesaid, said Bickle and Dougan, under the circumstances before detailed, would be *bona fide* purchasers for a valuable consideration."

This instruction was correctly refused, as already stated in this opinion. Bickle and Dougan could not be *bona fide* purchasers of the goods in controversy without giving something for them, or incurring some liability or making some advances upon the strength of them.

The second instruction refused is not mentioned in the appellants' brief; the objection to its refusal is, therefore, regarded as waived.

The third instruction refused contains the following statement: "The vendor, to avoid a waiver of the condition of the sale, must either refuse to deliver the goods without a performance of the condition, or he must make the delivery at the time qualified and conditional."

We think there was no error in refusing this. It is not necessary that the vendor should declare the condition in express terms at the time of the delivery; it is sufficient if the intent of the parties can be gathered from their acts and all the circumstances of the transaction.

Upon a sale presumed to be for cash, a delivery, with the expectation of receiving immediate payment, is not absolute, but conditional until payment is made, and where there is no waiver of the payment no title vests in the purchaser. 1 Benj.

Sales, section 343.    In the present case there were repeated demands for immediate payment' by the appellees in their letters.

There are, among the instructions refused by the court, two, each of which is numbered 4, but only one of them is mentioned in the appellants' brief; it is as follows:

" 4.  If Curme, Dunn & Co. ordered the goods of the plaintiffs, and if the plaintiffs, after receipt of such an order, delivered the goods to the railroad company at Dayton, Ohio, for shipment to Curme, Dunn & Co., and at the time took bills of lading therefor, in which Curme, Dunn & Co. was named as consignee, and if the plaintiffs sent such bills of lading to Curme, Dunn & Co. along with the bills for the goods, then, under such circumstances, the delivery of the goods to the railroad company would be in legal effect a delivery to Curme, Dunn & Co., and *prima facie* the title to such goods then vested in that company."    In the place of this instruction the court gave the following:

" No. 9.  If the plaintiffs did business in Dayton, Ohio, and Curme, Dunn & Co. did business in Richmond, Indiana, and if Curme, Dunn & Co. ordered by letter said plaintiffs to ship to it at Richmond, Indiana, the property described in the complaint, and if thereupon said plaintiffs did so ship said goods, sending by letter to said Curme, Dunn & Co. the bill of lading therefor, and if nothing was said by either party as to the payment of the price, and if such goods were received by Curme, Dunn & Co., the burthen of proof to show that such delivery was not absolute, but was conditional, and that plaintiffs expected immediate payment, would be upon said plaintiffs."    This ninth charge thus far, it will be observed, contained the whole substance of the said fourth charge requested by the defendants, and the court added thereto the following:    " But such proof may be made by circumstances, and the jury should carefully look to all the circumstances in determining whether or not the plaintiffs made an unconditional delivery of such goods; and if the

jury believe that said plaintiffs did not unconditionally deliver said goods, but expected pay therefor before the title passed, the jury would be warranted in finding that no title to said goods passed to said Curme, Dunn & Co., and that said Bickle and Dougan could acquire no title thereto by transfer from said Curme, Dunn & Co., but that the title is still in the plaintiffs." We think there was no error in thus refusing the defendants' fourth instruction, and giving the substance of it in said ninth instruction, with the additions above set forth.

The appellants claim, that here was a written contract, and that there could be no conditions unless they appeared in the writing, and that none could be discovered " by carefully looking into all the circumstances," and that it was the duty of the court to have told the jury that the sale was absolute, and that the delivery vested the title. But we can not agree to this. Whether the negotiation is by letter or by parol, if nothing is said about the time of payment and no usage is shown, the sale is presumed to be for cash, that is, on condition of immediate payment, and whether that condition is waived by a delivery of the goods is a question for the jury to be determined by the acts of the parties and all the circumstances of the case. In the present case the writings themselves show a demand for immediate payment.

The only other instruction given by the court, to which any specific objection is made in the appellants' brief, is the fifth, which is as follows :

" 5. If Curme, Dunn & Co. obtained the property described in the complaint from the plaintiffs fraudulently, without any intention of paying for it, and afterwards transferred the same to the defendants Dougan and Bickle, and if before such transfer said Curme, Dunn & Co. were legally in debt to said Bickle and also to said Dougan, and if just after said Curme, Dunn & Co. obtained said property, said Curme, Dunn & Co. executed a mortgage to said Bickle and Dougan

upon all their property and effects of whatever kind to secure the payment of such debts, and if afterwards said Curme, Dunn & Co. transferred all of said property embraced in such mortgage, including the property described in the complaint, and if such transfer was made without other consideration than to secure the payment of such debts, said Bickle and Dougan would not be purchasers of the property described in the complaint for a valuable consideration as against said plaintiffs, and plaintiffs may reclaim said property of them, although said Bickle and Dougan may have been ignorant that Curme, Dunn & Co. acquired the same from the plaintiffs by fraud."

We think this instruction was right. The objection made to it is that there was no evidence tending to show that Curme, Dunn & Co. bought the goods with the design of not paying for them, but we think there was evidence proper to be considered by the jury as tending to show such fraud.

We have now considered all the reasons for a new trial which are discussed in the appellants' brief.

The appellants make in their brief a general objection, that "the charges of the court from beginning to end are a gratuitous assumption of fraudulent conduct on the part of Curme, Dunn & Co., devoid of foundation and mischievous in effect and misleading to the jury." Upon such a general objection it is sufficient to say that in this we think the appellants are mistaken.

We find no error in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellants.

Filed Jan. 28, 1885.