No. 1,527.

## WATERBURY ET AL. *v.* MILLER.

EVIDENCE.—*Relevancy.*—*Statement of Counsel.*—Whenever the evidence does not obviously bear on the question at issue, the court should be advised of its character, that its relation to the case may be seen, and if such evidence is objected to, there should be an offer, in some form, that the witness will, if permitted to answer the question, testify to a given fact.

SPECIAL VERDICT.—*Duty of Jury.*—*Facts Which Jury Cannot Agree Upon.*—It is the duty of the jury in returning a special verdict, to find all the ultimate facts within the issues, and upon which evidence was given, one way or the other, and, in the event they cannot agree upon any fact upon which evidence has been given, the verdict should state what fact or facts it cannot agree upon.

SAME —*Duty of Court to Require a Finding or Report a Disagreement.*—*Instruction.*—It is the duty of the court to require the jury to find one way or the other on the facts in issue, and upon which evidence was introduced, or report a disagreement on such fact or facts upon which they cannot agree.

SAME.—*Distinguishing Between Evidentiary Facts and Ultimate Facts and Conclusions of Law.*—It is often difficult to distinguish between evidentiary facts and ultimate facts, and between ultimate facts and conclusions of law, for no general rule can be laid down for such determination. Each case must depend largely upon its own particular issues, character and circumstances.

Waterbury *et al. v.* Miller.

SAME.—*Evidentiary Fact, When Will Take Place of Ultimate.*— Where the finding of an evidentiary fact is such as to necessarily involve the essential or ultimate fact, the failure to find the ultimate fact in direct terms may be immaterial; but if the existence of the evidentiary fact is not inconsistent with the non-existence of the ultimate fact, or if the existence of the ultimate fact is equivocal or doubtful, then the verdict or finding is insufficient.

JURY.—*Inability to Agree Upon Material Fact.—Discharging Jury.— Practice.—Special Verdict.*—It does not necessarily follow that because the jury disagreed upon a material fact, it became the duty of the court to discharge independently of any motion to that effect.

VENIRE DE NOVO.—*How Differs from Motion for a New Trial.*—The essential difference between a motion for a new trial and that for a *venire de novo* is that a motion for a *venire de novo* is never granted except for cause appearing on the face of the record, while a new trial may be obtained on extrinsic causes. They both accomplish the same result, but proceed upon different grounds.

SAME.—*Reaches What Defects.*—Some things may occur on the trial that cannot be reached by a motion for new trial, and these things generally relate to the verdict itself, and can only be reached by a motion for a *venire de novo.*

SAME.—*Special Verdict.—Failure to Find Upon All the Issues, or on a Material Fact in Issue.*—Under the practice in this State, the failure to find upon all the issues, or the failure to find any material fact within the issues, does not entitle the moving party to a *venire de novo.* Silence upon any issue, or upon any material fact within the issues, is regarded as a finding against the party having the burden of proof upon such issue or fact.

SAME.—*Finding Contrary to Evidence, Remedy.—New Trial.*—If the verdict is contrary to the evidence upon such issues or facts, the remedy is by motion for new trial and not by a *venire de novo.*

SAME.—*Verdict.—Special Finding by Court.*—The motion for *venire de novo* applies, under the practice of this State, to special findings by the court as well as to verdicts.

SAME.—*Motion for, When May Be Entertained.*—Under the practice of this State, a motion for a *venire de novo* can only be entertained when the verdict or finding is so defective (in matter of form), uncertain, or ambiguous upon its face, that no judgment can be rendered upon it, and the question of insufficient or indefinite findings can be presented in no other way.

SAME.—*Attempt Which Falls Short of Finding Ultimate Fact.*—If there be an attempt to find under an issue, or an attempt to find an ultimate and essential fact, and such attempt falls short because of conclusions or of evidence or evidentiary facts stated, then the ver-

dict or finding must go down before a motion for a *venire de novo*.

SAME.—*Disregarding Legal Conclusions and Evidentiary Facts in Verdict or Finding.—Exception to Rule.*—In considering a judgment upon a special verdict or finding, conclusions of law, evidence and evidentiary facts, and findings not within the issues may, as a general rule, be disregarded; and if, after such elimination, the verdict is still complete, definite, and certain, and will support a judgment for either the plaintiff or defendant, then a motion for a *venire de novo* will not prevail. But there are exceptions to this general rule, where conclusions of law and evidence and evidentiary facts cannot be disregarded, as where there is an affirmative defense and the verdict or finding states the facts showing a right of action in plaintiff, and then states conclusions of law or matters of evidence in attempting to find upon the affirmative defense which it is apparent, if in proper form, would defeat the plaintiff's action. In such a case the conclusions of law and matters of evidence could not be disregarded, and a motion for a *venire de novo* should prevail.

SAME.—*Failure to Agree on Material Fact.—Special Verdict.*—A failure to agree upon a material fact renders the verdict defective and uncertain, and a motion for a *venire de novo* should be sustained unless for some other reason apparent upon the record substantial justice has been done by the judgment rendered.

BURDEN OF PROOF.—*Special Verdict.—Recovery.*—The party having the burden of proof must produce such a state of facts in the verdict or finding as will support the legal conclusions of his right to recover.

SAME.—*Replevin.—Issues.*—In an action of replevin, where the only answer is the general denial, the plaintiff, under such issue, must show his right of possession, and if the defendant attempt to prove his right of possession the burden under such issue is upon him.

FRAUD.—*Special Verdict.—Ultimate Fact.*—Fraud, in this State, is a question of fact, and must be found and stated as a substantive fact, and not merely the badges of fraud; and the same rule applies to the absence of fraud.

From the Warren Circuit Court.

*C. M. McCabe,* for appellants.

*L. Nebeker* and *D. W. Simms,* for appellee.

LOTZ, J.—The appellants, plaintiffs in the court below, in their complaint, alleged that they were the owners

of, and entitled to, the immediate possession of two hundred bales of binder twine of which the appellee had, and unlawfully detained, the possession thereof. The appellee answered the complaint by the general denial. The cause was submitted to a jury which at the request of the parties and under the direction of the court returned a special verdict upon which judgment was pronounced in favor of appellee.

The errors assigned and discussed by appellants are: (1) the overruling of the motion for a new trial; (2) the overruling of the motion for a *venire de novo*, and (3) in rendering judgment in favor of appellee and against the appellants.

It appears from the undisputed evidence, and the jury so found, that the appellants were engaged in selling twine, with their place of business in the City of New York. Kirkwood, Miller & Co., a co-partnership, were wholesale and retail dealers in farm implements and binder twine, with their principal place of business at Peoria, Illinois. The appellee was a retail dealer in farm implements and binder twine at Hillsboro, Indiana. On December 5, 1892, Kirkwood, Miller & Co., purchased of the appellants one hundred tons of binder twine. On December 15, the appellants shipped from New York City two car loads of the twine sold, consigned to Kirkwood, Miller & Co., at Peoria, and which were received by the latter, one on the 24th, and one on the 28th of December. The twine in controversy was a part of this shipment. On December 30, 1892, Kirkwood, Miller & Co. made an assignment under the laws of the State of Illinois for the benefit of their creditors. On the 1st day of January, 1893, the twine in controversy was shipped from Peoria to Hillsboro, Indiana, consigned to the appellee and was received by him on January 6th of that year.

On the trial the appellants gave evidence which tended to prove that at the time Kirkwood, Miller & Co. contracted for the twine they were insolvent and that they concealed their insolvency, and that they did not intend to pay for the twine; that the appellee had knowledge of such fraudulent intent and was not a purchaser in good faith and for value. On the other hand the appellee gave evidence which tended to prove that Kirkwood, Miller & Co. sold the twine to one John R. Miller prior to the assignment and that John R. Miller sold it to appellee, and that he was a purchaser in good faith and for value, and without notice of the alleged fraud of Kirkwood, Miller & Co.

The appellants produced a witness who was a retail dealer in binding twine at Hillsboro, and who was acquainted with the wants of the trade at that place and propounded this question: "You may state to the jury what grades of twine are required there to meet the demands of the trade in that community, if you know?" An objection was sustained to this question, and this ruling was made one of the causes for a new trial. The appellants insist that the testimony sought to be elicited by this question would have tended to establish one of the badges of fraud, and that it was error to exclude it. Whenever the evidence offered does not obviously bear upon the questions at issue the court should be advised of its character that its relation to the case may be seen. There must be an offer in some form that the witness will, if permitted to answer the question, testify to a given fact. *City of Evansville* v. *Thacker*, 2 Ind. App. 370. The question itself does not disclose what kind or grades of twine the witness would have testified to, nor whether or not they were suitable for that market. Nor was there any offer as to what the witness would state in answer to the question. *Smith* v. *Gorham*, 119

Ind. 436. There is no available error in this action of the court.

In the verdict, as first returned, there was a finding that Kirkwood, Miller & Co. were insolvent at the time they purchased the twine, but there was no finding as to whether or not Kirkwood, Miller & Co. purchased the twine with the intention not to pay for the same; nor was there any finding as to whether or not appellee was a good-faith purchaser for value.

Thereupon the court on its own motion directed the jury to return to the jury room with instructions to find one way or the other upon the intent of Kirkwood, Miller & Co., when they bought the twine. Subsequently the jury reported that it was unable to agree as to the intent of Kirkwood, Miller & Co., whereupon the court over appellants' objection instructed and directed the jury to make a verdict so far as it could agree and to report the facts it could not agree upon. Subsequently and upon appellee's motion the jury was recalled and instructed by the court to find one way or the other upon the question as to whether or not at the time of the purchase of the twine and at the time of the payment therefor the appellee acted in good faith, and whether or not he paid the sum of $488.25 in cash, and whether or not at either of said times he had any knowledge of the fact that Kirkwood, Miller & Co. had purchased or procured the twine from the plaintiffs with intention not to pay therefor. The verdict as finally returned upon these questions states or finds as follows: ''(4) that at the time of the sale and delivery of said twine as aforesaid, the said Kirkwood, Miller & Co. were insolvent. And we the jury, are unable to agree upon the question as to whether at the time of said sale and delivery of said twine, said Kirkwood, Miller & Co. intended not to pay

for said twine, and whether they concealed their insolvency and their intention not to pay (if any)."

The verdict also finds that one Henry L. Miller was a member of the firm of Kirkwood, Miller & Co., and that one John R. Miller was the traveling salesman of Kirkwood, Miller & Co.; that Henry L. and John R. were brothers and that they and the defendant were cousins, and, continuing, it is found, "(10) That said Henry L. Miller made sale of said twine so shipped to the defendant to John R. Miller * * * and said John R. gave his note therefor, payable four months after date, to Kirkwood, Miller & Co., bearing date of December 30, 1892, but was not executed for several days thereafter, which note is now in the hands of the assignee, and said John R. was then, and still is, wholly insolvent.

"(11) That said John R. Miller made sale of said twine and took in payment therefor a note signed by John R. Miller, and bearing date of February 19, 1892, and payable to the defendant eight months after date, with interest at eight per cent., and by giving to said defendant a receipt for $488.25, to cover the balance of the price of said twine."

"(14) We find that at the time of the purchase of the twine in controversy and at the time of his payment therefor, defendant acted in good faith, and that he paid cash $488.25, and had not at either of said times any knowledge or notice of the fact, actual or alleged, that said Kirkwood, Miller & Co. had purchased or procured such twine from plaintiffs with the intention not to pay for such goods."

One of the causes for a new trial brings in review the action of the court in requiring the jury to find one way or the other upon the questions as to whether or not the appellee at the time he purchased the twine acted in good faith, and whether or not he paid $488.25 cash,

and whether or not he had any notice of the fact, actual or alleged, that Kirkwood, Miller & Co. had purchased the twine with intention not to pay for the same. Appellants insist that this instruction coerced the jury into making an express and positive finding on points upon which the evidence may have been evenly balanced, as strong upon one side as upon the other, in which event the jury had the right and it was its duty to disagree.

There is a marked distinction between a general and special verdict. In the first the jury apply the law to the facts. It is the result of the application of the law as given by the court to the facts proved. While in a special verdict the jury find the facts and the court applies the law. *Louisville, etc., R. W. Co.* v. *Balch*, 105 Ind. 93.

It is the duty of the jury in returning a special verdict to find all the ultimate facts within the issues, and upon which evidence was given, one way or the other. And in the event it cannot agree upon any fact upon which evidence has been given, the verdict should state what fact or facts it cannot agree upon. The duty of the jury in finding the ultimate facts in a special verdict is identical with its duty in answering proper interrogatories in case of a general verdict. They must be answered one way or the other or a statement that it cannot come to an agreement. *Rowell* v. *Klein*, 44 Ind. 290 ; *Maxwell* v. *Boyne*, 36 Ind. 120 ; *Cleveland, etc., R. W. Co.* v. *Asbury*, 120 Ind. 289 ; *Peters* v. *Lane*, 55 Ind. 391.

It was the duty of the court to require the jury to find one way or the other, or report a disagreement. But the appellants insist that the instruction left the jury no option to disagree upon the questions embodied in it.

But it is a familiar rule that instructions must all be construed together. In a previous instruction the court said to the jury that if it could not agree upon any of

the facts it might report a disagreement, and in the verdict as finally returned it did state a disagreement as to a certain fact. The fact about which the jury did disagree was similar in character to the one involved in this instruction. If the jury were given to understand that it might disagree as to one fact it might reasonably infer from all the instructions that it might disagree as to the facts embraced in the instruction complained of.

Another cause for a new trial is the refusal of the court to discharge the jury upon its failure to agree upon the question as to whether or not Kirkwood, Miller & Co. intended to pay for the twine at the time they purchased it. The record does not show that the appellants made any motion or request of the court to discharge the jury. It does not necessarily follow that because the jury disagreed upon a material fact, it became the duty of the court to discharge it independently of any motion to that effect. A verdict of some kind was returned. The verdict may have found a fact that defeated the right of action. At any event the same question can be better presented by a motion for a *venire de novo.*

The appellants moved for a *venire de novo,* assigning as causes therefor that the verdict is defective, uncertain, and ambiguous; that it states evidence and conclusions of law instead of facts; and that it fails to find upon some of the issues by reason of a disagreement.

A motion for a *venire de novo* is an ancient process of the common law practice, and is unknown to our code. *Shaw* v. *Merchants' Nat'l Bank,* 60 Ind. 83. A *venire facias juratores,* frequently called simply a *venire,* is the name of a writ directed to the sheriff commanding him to cause to come from the body of the county a certain number of qualified citizens to act as jurors. (Bouvier Dic.) When, for certain causes the proceed-

ings under the writ have been ineffectual or failed to secure a fair and impartial determination of the issues submitted to the jury, another writ may be issued. This writ is called a *venire facias de novo.* It will be awarded at common law when, by reason of some irregularity or defect in the proceedings on the first *venire* or trial, the proper effect of that writ has been frustrated or the verdict become void in law, as where the jury have been improperly chosen or returned an uncertain or ambiguous verdict. This motion, although unknown to our code, is not unknown to our practice. With some modification of the common law procedure, it continues to be a very serviceable method of arresting the proceedings after verdict when the justice of the judgment to follow is not apparent. The object and purpose of the motion is to secure a new trial. It should not, however, be confounded with the motion for a new trial. The essential difference is that a motion for a *venire de novo* is never granted except for cause appearing on the face of the record, while a new trial may be obtained for extrinsic causes. While they accomplish the same final result, they proceed upon entirely different grounds. *Witham* v. *Earl of Derby*, 1 Wils. 48; *Locke* v. *Merchants Nat'l Bank*, 66 Ind. 353; Stephen's Pl., p. 100; Gould Pl., p. 526; Tidd Prac., p. 922. The scope of a motion for a new trial is broad, embracing nearly everything that tended to prevent a fair trial, yet there are some things that may occur on the trial that can not be reached by it. These latter things generally relate to the verdict itself, and can only be reached by a motion for a *venire de novo.* At common law an irregularity in securing or empanelling the jury is reached by a motion for a new *venire*; but under our practice such defect is reached by motion for a new trial. So, too, a verdict is bad at common law if it fail to find

upon all the issues.  But under our practice the failure to find upon all the issues or the failure to find any material fact within the issues does not entitle the moving party to a *venire de novo* .  Silence upon any issue or upon any material fact within the issues, is regarded as a finding against the party having the burden of proof upon such issue or fact.  If the verdict is contrary to the evidence upon such issues or facts, the remedy is by motion for a new trial, and not by a *venire de novo.* *Branson* v. *Studabaker*, 133 Ind. 147 ; *Board, etc.*, v. *Pearson*, 120 Ind. 426 ; *Waymire* v. *Lank*, 121 Ind. 1 ; *Glantz* v. *City of South Bend*, 106 Ind. 305.  Strictly speaking, the term *venire de novo* is only appropriate when applied to a verdict, but as there is such a close similarity between verdicts by the jury and findings by the court, the term as well as the motion is applied to both under the practice in this State.  *Johnson* v. *Hosford*, 110 Ind. 572.  It is settled by the decisions in this State that a motion for a *venire de novo* can only be entertained when the verdict or finding is so defective, uncertain or ambiguous upon its face that no judgment can be rendered upon it (*Bartley* v. *Phillips*, 114 Ind. 189), and the question of insufficient or indefinite findings can be presented in no other way.  Ell. Gen. Prac., section 935 ; *Chaplin* v. *Sullivan*, 128 Ind. 50.  These imperfections always lie in matters of form, and for no other reasons will the writ be awarded.  *Mitchell* v. *Friedley*, 126 Ind. 545 ; *Hamilton* v. *Byram*, 122 Ind. 283 ; *Bowen* v. *Swander*, 121 Ind. 164 ; Ell. Gen. Prac., section 978.

The defect in the verdict or finding may arise because it states only conclusions of law, and not facts, or the defect may arise because it states merely evidence or evidentiary facts, and not the ultimate facts.  If there be an attempt to find under an issue, or an attempt to

find an ultimate and essential fact, and such an attempt fall short because of conclusions or of evidence or evidentiary facts stated, then the verdict or finding must go down before a motion for a *venire de novo.* *Wysong* v. *Nealis,* 13 Ind. App. 165 ; *Perkins* v. *Hayward,* 124 Ind. 445.

It is true that in considering a judgment on a special verdict or finding, conclusions of law, evidence and evidentiary facts, and findings not within the issues may, as a general rule, be disregarded; and if, after such elimination, the verdict is still complete, definite and certain, and will support a judgment for either the plaintiff or defendant, then a motion for a *venire de novo* will not prevail.    *Chicago, etc., R. R. Co.* v. *Branyan, Admr.,* 10 Ind. App. 570 (580) ; *Pittsburgh, etc., R. W. Co.* v. *Adams,* 105 Ind. 151 (160).    But this general rule must not be carried to an unlimited extent, or it will nearly, if not entirely, do away with the motion for a *venire de novo.*    There are exceptions to the general rule above stated.    There are cases where conclusions of law and evidence and evidentiary facts cannot be disregarded, as where there is an affirmative defense and the verdict or finding states the facts showing a right of action in the plaintiff, and then states conclusions of law or matters of evidence in attempting to find upon the affirmative defense which it is apparent, if in proper form, would defeat the plaintiff's action.    In such a case the conclusions of law and matters of evidence could not be disregarded, and a motion for a *venire de novo* should prevail.    So, if the issue should be that the defendant converted the plaintiff's property, and the special verdict state a conclusion of law that the defendant did convert the property.    Here it is true the plaintiff would not be entitled to a judgment, but he would be entitled to a *venire de novo.    Louisville, etc.,*

*R. W. Co.* v. *Balch, supra.* The plaintiff, who has the burden of proof upon the allegations of his complaint, is bound to produce such a state of facts in the verdict or finding as will support the legal conclusion of his right to recover. Whilst he may not be entitled to a judgment, owing to the legal conclusions and matters of evidence found in the verdict or finding, he is nevertheless entitled to his motion for a *venire de novo.*

Bearing these rules in mind, we come to the consideration of the verdict before us. The allegations of the complaint are that the plaintiffs are the owners of, and entitled to the possession of, the property. The defendant answered the general denial, but under this he is permitted to show property in himself; and he sought to show that he purchased the property from an intermediate purchaser for value and without notice of any infirmity in the title of his vendor. The burden of the first issue was upon the plaintiffs and the burden of the last upon the defendant. The plaintiffs were required to show such a state of facts that the legal conclusion would follow, that they were the owners of the property. Such legal conclusion has no proper place in the verdict nor does the one before us contain such conclusion. *Kitts* v. *Willson,* 130 Ind. 492.

It is well established that where one knowing himself to be insolvent purchases property from another intending not to pay for it and conceals his insolvency, the sale may be avoided for fraud and the vendor maintain replevin for the property sold. *Tennessee, etc., R. R. Co.* v. *Sargent,* 2 Ind. App. 458; *Curme, Dunn & Co.* v. *Rauh,* 100 Ind. 247; Tiedeman on Sales, section 170.

It is equally well settled that where the property so purchased is subsequently sold by the fraudulent purchaser to a third person, who buys in good faith, for a valuable consideration and without notice of the fraud,

such facts are a good defense to a suit by the original vendor to recover the property. *Curme, Dunn & Co.* v. *Rauh, supra.* The burden of proving that the defendant was an innocent purchaser under the issues rested upon him.

The appellants insist that the verdict is fatally defective because the jury disagreed on a material fact, namely, the fraudulent intent of Kirkwood, Miller & Co., at the time they purchased the twine, and that for this reason the motion for a *venire de novo* should have been sustained. Fraud under the rules in this State is a question of fact and not of law, and, where it is essential to the existence of a cause of action, it must be found and stated as a substantive fact or the plaintiff will suffer defeat. The finding must show the fraud and not merely the badges of fraud. Section 6649, R. S. 1894 (section 4924, R. S. 1881); *Wilson* v. *Campbell,* 119 Ind. 286.

The verdict is defective and uncertain by reason of the failure to agree upon a material fact, and the motion for a *venire de novo* should have been sustained unless for some other reason apparent upon the record, substantial justice has been done by the judgment rendered.

The jury further found by their verdict, that the appellee purchased the property of an intermediate vendee in good faith and for value, and without notice of the fraud, actual or alleged, of Kirkwood, Miller & Co. The appellants contend that this finding embraces evidence and evidentiary facts and not the finding of ultimate facts. It is often difficult to distinguish between evidentiary facts and ultimate facts, and between ultimate facts and conclusions of law. No general rule can be laid down for such determination. Each case must depend largely upon its own particular issues, character and circumstances.

The appellee was required to show that he purchased the property of the intermediate party and paid a valuable consideration without any notice of any defect in the title of his vendor. He was required to show absence of fraud on his part. Fraud is a fact, and it may be said that the absence of fraud is also a fact. There is no finding in so many words that the appellee had no knowledge of the fraud on the part of Kirkwood, Miller & Co.

But when the finding of an evidentiary fact is such as to necessarily involve the essential or ultimate fact, the failure to find the ultimate fact in direct terms may be immaterial. If the existence of the evidentiary fact is not inconsistent with the non-existence of the ultimate fact, or if the existence of the ultimate fact is equivocal or doubtful, then the verdict or finding is insufficient *Young* v. *Berger*, 132 Ind. 530.

It is inconceivable how the appellee could be a good-faith purchaser for value and without notice of the fraud of Kirkwood, Miller & Co., and still be a participant in their fraud. We are of the opinion that the verdict in this respect is not open to the objection made. We have here then a fact found by the verdict which, under the issues joined, defeats the appellants. Had there been a finding in their favor on the point about which the jury disagreed, the verdict would still have been insufficient to support a judgment in their favor, and the appellee would have been entitled to judgment on the verdict, notwithstanding such finding.

In *Henderson* v. *Dickey*, 76 Ind. 264 (271), this language is used: "Where there are several issues and the verdict does not find at all upon some of them, but the finding on others is definite, the verdict according to the authorities above cited is to be taken as a finding against the party having the affirmative of the issue, as to the

issue or issues concerning which it is silent; but if on other issues found in his favor, the successful party is entitled to judgment, a *venire de novo* should not be granted."

It is also contended that the appellee is not a good-faith purchaser because the purchase-price was partly paid by the $500 note—an antecedent debt. But the finding also shows that the appellee paid cash $488.25. To that extent at the least he was an innocent purchaser. The questions in issue here involve the title to the whole lot or parcel of twine as an entirety. If the action were trover, a different rule might prevail. There was no reversible error in overruling the motion in view of the finding in favor of the appellee on his affirmative defense. What we have said in disposing of this motion also disposes of the last assignment of error.

Judgment affirmed.

Ross, J., concurs in the result.

Filed September 26, 1895.