## ADAM, MELDRUM & ANDERSON COMPANY *v.*
## STEWART ET AL.

[No. 19,277.   Filed Nov. 26, 1901.   Rehearing denied Feb. 25, 1902.]

CHATTEL MORTGAGE. — *To Secure Preëxisting Debt. — Fraud.* — A mortgage made to secure an antecedent debt will not be sustained against a vendor who has been induced to part with the mortgaged property by the fraud of the mortgagor.   *p. 680.*

SAME.—*To Secure Preëxisting Debt.—When Valid.*—A mortgage executed by a fraudulent purchaser of goods, to secure antecedent creditors, will be held valid as to such creditors who, in consideration of the mortgage, and without notice of fraud, have extended the time of their debt, or assumed any new or additional obligation. *p. 681.*

REPLEVIN.—*Goods, the Sale of which Induced by Fraud.*—The seller of merchandise cannot maintain an action in replevin against the buyer thereof, on the ground that the sale was induced by fraud, without first restoring or offering to restore the amount received on account of such sale.   *p. 682.*

From Wabash Circuit Court; *H. B. Shively,* Judge.

Action in replevin by Adam, Meldrum & Anderson Co. against Thomas Stewart and others.   From a judgment for defendants, plaintiff appeals.   *Affirmed.*

*J. B. Kenner* and *U. S. Lesh,* for appellant.
*W. P. Breen* and *John Morris, Jr.,* for appellees.

HADLEY, J.—Appellant, a corporation, as a vendor, brought replevin to recover of the mortgagee of its vendee certain merchandise alleged to have been fraudulently purchased.   The venue was changed to the Wabash Circuit Court.   Judgment for the appellees.   No question arises upon the pleadings.   The only error assigned is the overruling of appellant's motion for a new trial, which challenges the sufficiency of the evidence to support the finding and certain rulings of the court on proffered testimony.

The material undisputed facts follow:   Appellee Stewart on the 26th day of November, 1897, was engaged as a retail dry goods merchant in Huntington, Indiana; for several

years he had bought most of his goods of appellant, engaged
in the wholesale dry goods business in Buffalo, N. Y. February 18, 1895, when he was establishing his business at
Huntington, he borrowed $5,000 of his wife, Isa A. Stewart,
for which he executed to her, on that date, his note bearing
six per cent. interest from date until paid. Soon after the
beginning of his business at Huntington, Stewart opened
an account with appellant for goods, which at the close of
1896 he had suffered to run against him for about $4,000.
At this time he had never submitted, nor been requested to
submit, to appellant a statement of his assets and liabilities,
but upon the receipt from appellant of a semiannual statement of his account, Stewart voluntarily, in explanation of
his default in payments, on January 7, 1897, made in writing a statement showing $10,500 capital over liabilities,
which, at best, was erroneous by the amount he owed his
wife and $2,000 to the First National Bank of Huntington.
Appellant's credit man testified that, believing and relying
upon the truth of the statement, he extended indulgence,
and thereafter, beginning on February 13, 1897, and ending
October 27, 1897, in the usual course of trade the house sold
Stewart, by a traveling salesman, forty-three additional
bills, ranging from $6.83 to $602, and aggregating $6,115.
In the same period Stewart made appellant divers payments
on account amounting to $3,397, and returned goods, not ordered, on several occasions, amounting to $189, and as testified by Stewart, and which seems not to have been denied, on
November 15, 1897, paid appellant on the goods sued for
$257. On June 5, 1897, Stewart again wrote appellant,
"our liabilities outside of yourselves are less than ever,
and are simply nominal." In the autumn of 1897 appellant urged Stewart to secure his indebtedness, and on
November 26, 1897, he executed three notes, one to his
wife for $5,831, being a renewal of her former note, with
interest accrued to date; one to Breen for $500, being for
past and then contracted indebtedness, and one to Eisen-

hauer for $85 for rent then due, each of said three notes made payable in bank at one day after date, and at the same time executed to appellee Schuckman, as trustee, a chattel mortgage on his entire stock in trade, to secure said three notes and one payable to the First National Bank of Huntington, of previous date, for $1,500. Schuckman took immediate possession under the mortgage. On the following day, November 27th, appellant brought this suit against Schuckman, trustee, and Stewart to recover all goods sold to Stewart after the erroneous statement of January 7, 1897.

These facts, it is argued, show (1) that Stewart got possession of the goods delivered to him by the appellant between the dates of January 7th and November 26, 1897, by such active fraud as empowered appellant to rescind the contracts of sale, and retake the goods, and (2) that they do not show that the beneficiaries of the chattel mortgage to Schuckman, trustee, are innocent purchasers for value within the meaning of the law. The first of these propositions becomes immaterial if the second should be determined against appellant's contention. No claim is made that either of the debts secured by the mortgagor is invalid, or that either of the mortgage beneficiaries had any notice or knowledge of the false representations made by Stewart to appellant.

It may be stated as a general rule that a mortgage made to secure an antecedent debt will not be sustained against a vendor who has been induced to part with the mortgaged property by the fraud of the mortgagor. In such cases equity will restore to the defrauded vendor that which is rightfully his, when in the doing it only takes from the mortgagee the advantage of his security, which has cost him nothing, and leaves to him unimpaired all his rights under the original contract. *Curme, Dunn & Co. v. Rauh,* 100 Ind. 247; *Adams v. Vanderbeck,* 148 Ind. 92, 62 Am. St. 497; Cobbey on Replevin, §286, and cases cited. Tiffany on Sales, p. 122, and cases cited. Burdick on Sales, p. 169.

But a mortgage executed by a fraudulent purchaser upon goods that have come into his possession in the usual course of trade, and over which he has continued to exercise dominion, and give forth the appearances of ownership, by mixing and exposing them to sale with his other goods, will be held valid as to a mortgagee, who, in consideration of the mortgage, and without notice of the fraud, has extended the time of payment of his debt or assumed any new or additional obligation. *Gilchrist* v. *Gough,* 63 Ind. 576, 30 Am. Rep. 250; *United States, etc., Co.* v. *Harris,* 142 Ind. 226, 238; *Root* v. *French,* 13 Wend. 570, 28 Am. Dec. 482; *Mears* v. *Waples,* 3 Houst. (Del.) 581; *Shufeldt* v. *Pease,* 16 Wis. 689; *Chicago Dock Co.* v. *Foster,* 48 Ill. 507; Cobbey on Replevin, §415; Tiedman on Sales, §327.

The facts of the case are that, in consideration of the mortgage, Mrs. Stewart accepted a renewal of her note, and extended the time of payment of her debt; Eisenhauer accepted a note and extended the time of payment of his past due account; Breen accepted a note for $500, payable in bank one day after date, $250 of which was for a past due account, and $250 for legal services then contracted for, to be then and thereafter rendered. These persons having no notice of Stewart's fraud in the purchase of the goods, if there was any, and having all surrendered the right to sue their debtor for a definite period, and Breen having assumed a new obligation, must be classed as innocent purchasers for value within the rule above stated. The fact that the mortgage to the First National Bank of Huntington rested solely upon a preëxisting debt cannot affect the decision of the case. Schuckman's possession of the property as the trustee of Mrs. Stewart, Eisenhauer, and Breen is rightful, and replevin will not lie against one legally in possession in favor of one who has no superior right.

The judgment of the circuit court is right for another reason. It is a familiar rule that a contract induced by fraud is not void, but voidable only at the option of the party

defrauded. It rests solely with the defrauded party to say whether or not the contract shall stand, and until repudiated by him it is valid. He may abide the contract and seek redress in damages; or, if he acts within a reasonable time after discovery of the fraud, he may rescind the contract, and reclaim his property. But if he elects to rescind there must be a complete restoration of everything of value the party defrauded has received under the contract. He will not be permitted to undo the contract while retaining money, or other valuable thing, delivered him under its terms. *Thompson* v. *Peck,* 115 Ind. 512, 1 L. R. A. 201; *Haase* v. *Mitchell,* 58 Ind. 213; *Balue* v. *Taylor,* 136 Ind. 368; Tiffany on Sales, p. 119; Tiedman on Sales, §163.

It is shown by the record that Stewart testified that on November 15, 1897, eleven days before the execution of the mortgage to Schuckman, trustee, and nine months after the first purchase of goods subsequent to the January 7, 1897, statement of assets and liabilities complained of, he paid appellant on the goods sued for $257. It does not appear that the testimony was denied by appellant, and must be accepted as true. The sum thus paid was not returned, or tendered to appellees before the commencement of this suit, which of itself is fatal to appellant's right of recovery.

The propositions arising upon the admission and rejection of testimony relate exclusively to the question of Stewart's fraud, which we have found unnecessary to consider.

Judgment affirmed.