SMITH ET AL. v. AUTOCAR SALES AND SERVICE CO., INC.

[No. 15,966.   Filed April 11, 1939. Rehearing denied October 18, 1939. Transfer denied December 11, 1939.]

*Michael F. Bohland, Robert A. Peak,* and *Michael L. Bohland,* for appellants.

*A. B. Wycoff, John G. Quinn,* and *Joseph H. Woeste,* for appellee.

STEVENSON, P. J.—This was an action in replevin in which the Autocar Sales and Service Company, a

corporation, sought to recover possession of a truck sold by them to the appellee, Judd Potten, and by him sold to the appellants.

The amended complaint consisted of one paragraph to which the appellants filed an answer in general denial. The cause was submitted to a jury for trial which returned a verdict against the appellants in the sum of $390.00. The court rendered judgment on this verdict and the appellants assign as error in this court that the court erred in overruling appellants' motion for new trial. The only proposition discussed under this assignment of error is the sufficiency of the evidence to support the verdict of the jury.

The record discloses that the appellee, Autocar Sales and Service Company, was a corporation with their place of business in Cincinnati, Ohio; that on the 18th day of July, 1935, the appellee, Judd Potten, was operating a business in Batesville, Indiana, under the name of Potten Motor Sales; that he was a salesman for the Autocar Sales and Service Company, selling Studebaker trucks for them. The record further discloses that on said date he was indebted to the appellants herein in a substantial amount for gasoline and oil purchased from them and that negotiations were entered into whereby the said Potten was to sell the appellants a truck. That at the time of these negotiations said Potten was unable to furnish the appellants a truck of the kind desired. That on the 31st day of October, 1935, the said Potten and the appellants went to Cincinnati and the appellee Autocar Sales and Service Company showed the appellants and Mr. Potten the truck in question which Mr. Potten purchased on that date and gave his check in payment therefor in the amount of $788.78. The truck was subsequently sold and delivered to the appellants by Potten and the account which they held against

Potten was credited in the amount of $922.60 in payment thereof. This credit was entered on the 5th day of November, 1935, and there was left a small amount still due and owing on the account. The check given by Potten in payment of the purchase price of the truck was dishonored at the bank. The evidence disclosed that he had only $1.19 on deposit at the time the check was issued. As soon as the check was returned, the appellees came to Batesville and found Potten's business in receivership and they immediately sought return of the truck. Possession was refused and this suit was instituted.

The appellants seek to invoke the rule that even though a sale of goods is obtained by fraud and deceit, the same cannot be avoided by the seller as against a bona fide purchaser from the buyer. Many cases are cited in support of this contention, and considerable time is spent by both parties in discussing the sufficiency of the evidence to show knowledge on the part of the appellants of the fraud practiced by Potten in the purchase of this truck.

Without going into the sufficiency of the evidence to show knowledge, it is apparent from the record that the appellants are not bona fide purchasers of the truck for a valuable consideration. The record conclusively shows that the only consideration afforded by the appellants for the purchase of the truck in question was the credit upon their account against Potten. They gave no additional consideration for this truck and incurred no liability therefor. They accordingly are not in the position of bona fide purchasers for a valuable consideration. As was said by the Supreme Court of this State in the case of *Curme, Dunn & Co. et al.* v. *Rauh et al.* (1885), 100 Ind. 247, 255, they ''could not be bona fide purchasers of the goods in controversy without giving something

for them, or incurring some liability, or making some advances upon the strength of them.'' See also *Waterbury et al.* v. *Miller* (1895), 13 Ind. App. 197, 41 N.E. 383; and *Adam, Meldrum, etc., Co.* v. *Stewart* (1902), 157 Ind. 678, 61 N.E. 1002.

One who obtains possession of property in payment of an antecedent debt does not occupy the position of a bona fide purchaser for value without notice as against the defrauded vendor. The general rule in such cases has been announced as follows:

''It is held in most jurisdictions in this country, in the absence of statute to the contrary, that one who takes a mortgage as security or purchases goods in satisfaction of a pre-existing debt from one who by fraud induced the seller to sell to him on credit is not entitled to protection as a bona fide purchaser for a valuable consideration. As has been said, a valuable consideration in such cases means something more than the discharge of a debt that revives when the consideration for its discharge fails. It means the parting with some value that cannot be actually restored by operation of law, leaving the purchaser in a changed condition, so that he may lose something besides his bargain.'' 24 R.C.L. Sec. 602, p. 318; (44 A.L.R. 488-note.)

The evidence is such that the jury might reasonably have found that the truck in question was purchased by Potten by means of a worthless check with the intention to thereby defraud the appellee, Autocar Sales and Service Company. Such circumstances are sufficient to make the sale voidable at the election of the vendor. *Levi et al.* v. *Kraminer et al.* (1891), 2 Ind. App. 594, 28 N.E. 1028; *Hohman, et al.* v. *Aukerman-Tuesburg Motors, Inc.* (1922), 77 Ind. App. 316, 133 N.E. 507.

This being true and it further appearing that the

appellants were not bona fide purchasers for value there was no error in overruling the appellants' motion for new trial. For the same reason there was no error in overruling appellants' motion for a directed verdict.

Judgment is accordingly affirmed.