No. 13,488.

## THE PETERS BOX AND LUMBER COMPANY v. LESH ET AL.

SALE.—*Fraud.*—*Representations of Agency.*—*When Title Does not Pass.*— Where one fraudulently and falsely represents that he is the agent of a third person, and thereby, as such pretended agent, purchases personal property from another, who intends to vest the title in the supposed principal, the sale is void, vests no title in the impostor, and he can not by a subsequent sale confer title upon another.

SAME.—*Demand.*—*Replevin.*—*Value of Property.*—*Measure of Damages.*—In such case, where the property, consisting of lumber and logs, has come into the possession of a third person, of whom the owner demands it, the measure of the owner's recovery, in an action for possession, is the value of the property at the time and place of the demand, less any additional value it may have had by reason of labor bestowed upon it, in good faith, previous to the demand.

SAME.—*Estoppel.*—*Bills of Lading.*—If the seller of personal property, acting under the belief that the purchaser is the agent of another, and that he is selling the property to the latter, which belief is based on the representations of the fraudulent purchaser that he is such agent, permits the bills of lading to be made out in the name of such supposed agent, he is not thereby estopped to assert title as against a purchaser from the impostor.

From the Huntington Circuit Court.

*A. Zollars, H. Colerick* and *W. S. Oppenheim,* for appellant.

*T. E. Ellison* and *F. W. Rawles,* for appellees.

COFFEY, J.—This action was brought by the appellees against the appellant, in the Allen Circuit Court, to recover certain lumber and logs described in the complaint. The cause was put at issue by a general denial, and the venue was changed to the Huntington Circuit Court. The cause was tried by a jury, who returned a verdict for the appellees, assessing the value of the property at two hundred and seven dollars. Motion for a new trial overruled and excepted to, and judgment on the verdict.

The Peters Box and Lumber Company v. Lesh et al.

The errors assigned in this court are : 1st. That the Huntington Circuit Court had no jurisdiction over the cause. 2d. That the court erred in overruling the motion for a new trial.

No point is made in the brief of counsel for the appellant on the first assignment of error, and, therefore, the same is waived.

The evidence on the part of the appellees tends to prove that the appellant is a corporation, carrying on a large saw-mill and lumber business at the city of Fort Wayne, Indiana; that the appellees, in November, 1883, had been and were operating a saw-mill at Sidney, Kosciusko county, Indiana ; that a man, calling himself Milliard, came to Sidney and represented to the appellees that he was the agent of the appellant, to buy lumber and logs for it; the appellant had, before that, to the knowledge of the appellees, bought such property in that vicinity, and they supposed he was such agent. One of the appellees went with the said Milliard to several places where he bought logs for the appellant, and they finally sold him, as the agent of appellant, the property in question, for two hundred and sixty-three dollars. By their agreement it was to be measured, put on the cars, the measurement to be sent to the appellant, and it to immediately pay the bill by a draft on New York. The property was measured, sold and shipped on Monday, and Milliard left Fort Wayne on Tuesday. The draft not coming, one of the appellees went to Fort Wayne on Tuesday, where he met Mr. Papa, the appellant's president, and asked him to pay for said property. Papa denied the authority of Milliard to act for the appellant, and, after demand, refused to deliver the property, and also refused to say much about the contract of appellant with Milliard, or to say how much he had been paid for the property. The appellant did, in fact, pay Milliard $125 for the property in controversy. Immediately after the delivery of the property to it by Mil-

liard, the appellant commenced to saw up the logs and mix the lumber with its own.

Up to this point there seems to be no disagreement about the facts. It is claimed by the appellant that bills of lading were made out for the property in the name of Milliard, with the consent of one of the appellees, but this fact is disputed by the appellees, who claim that there was nothing made out at the freight office from which the property was shipped except a receipt for the property.

The court gave to the jury the following instruction : " Should you find from the evidence that the title and right to possession of the property in controversy is in the plaintiffs, and if you further find that the defendant, in the purchase of said property, was in no fault, then you should find the value of said property at what you believe was its fair market value in the condition and place it was situated when the plaintiffs demanded the same of the defendant, if such demand were made, exclusive of any expenses or labor the defendant may have invested in manufacturing the same into lumber up to the time said demand was made ; but if the evidence shows defendant knew, or ought to have known, that Milliard was not the real owner, then you should not take into consideration any expense or labor the defendant put upon said logs and lumber, but give the plaintiffs a verdict for the full value at the time and place it was demanded, and in its condition then." To the giving of this instruction the appellant excepted.

The court had previously instructed the jury, substantially, that if Milliard had represented himself to the appellees as the agent of the appellant, and they, relying on such representation, sold him the property in controversy, as such agent, without any intention of vesting the title in him, but intending to vest it in the appellant, when he was in fact not the agent of the appellant, such sale was void and vested no title in Milliard, and he could not.

The Peters Box and Lumber Company *v.* Lesh *et al.*

by a subsequent sale, vest title to the property in the appellant.

This case comes clearly within the law, as enunciated in the case of *Alexander* v. *Swackhamer*, 105 Ind. 81. It is there distinctly decided that, in a case like this, no title passes to the fraudulent purchaser, and that such purchaser can not, by any subsequent sale, transfer title to another, for the reason that he has none to transfer. It must be true, then, that at the time the appellees demanded possession of the property of the appellant at Fort Wayne, the title was in them, as well as the right to the possession. It was the duty of the appellant to surrender to them such possession ; and, upon its failure or refusal to do so, what were they entitled to recover ?

It is earnestly contended by the learned counsel for the appellant that, as the freight from Sidney to Fort Wayne was paid by the appellant, the measure of the appellees' damages was the value of the property at Sidney. But it must be remembered that the appellant did not purchase the property at Sidney. It was purchased at Fort Wayne, and the appellant must be presumed to have taken into consideration the amount he would be compelled to pay to obtain possession of the property, in fixing its value at the time of the purchase. It certainly will not be contended that the appellant could refuse to deliver the possession upon demand, because it had paid the freight ; nor can it be successfully claimed that Milliard, the fraudulent purchaser, could claim to have the freight refunded to him, if he had been caught at Fort Wayne before he had disposed of the property. Section 572, R. S. 1881, provides that, in actions to recover the possession of personal property, judgment for the plaintiff may be for the delivery of the property, or the value thereof, in case a delivery can not be had, and for damages for the detention thereof.

It is not denied that at the time of the demand the appellant had the property in controversy, and that it could have

delivered it to the appellees.    By refusing to do so we think it became liable to the appellees for the value of such property at the time and place of such demand and refusal, less any additional value it may have had by reason of labor bestowed upon it, in good faith, before such demand was made.    *Mitchell* v. *Burch*, 36 Ind. 529 ; Wells Replevin, sections 549, 563 ; *Cushing* v. *Longfellow*, 26 Me. 306..

It is claimed that in actions for trover the rule is different, but as this is an action of replevin we need not, and in fact do not, decide that question.

It is earnestly insisted by the learned counsel for the appellant that, as the appellees permitted Milliard to take bills of lading in his name, and thus enabled him to sell the property to an innocent purchaser for full value, they are now estopped from claiming the property in controversy, in the hands of the appellant.    Instructions were given by the court, and others asked by the appellant and refused, which fairly raise this question.

The court instructed the jury that if Milliard had the bills of lading made out in his own name, as the consignor, to enable him to fraudulently sell the same to the defendant, and the plaintiffs knew that the property was so shipped, and that Milliard's purpose in so shipping said property was that he might fraudulently sell the same to the defendant, then their verdict should be for the defendant.

In the case of *Alexander* v. *Swackhamer, supra,* this court, by MITCHELL, J., says :  " The appellee was not estopped, on the ground of negligence in delivering the cattle under the circumstances disclosed.    To constitute an estoppel the party sought to be estopped must have designedly done some act or made some admission inconsistent with the claim or defence which he proposes to set up, and another must have acted on such admission with his knowledge and consent."

If the appellees acted under the belief that Milliard was the agent of the appellant, and that they were selling the

property to the appellant, basing such belief on the repre-
sentations made to them by Milliard, we do not think that
they would be estopped from claiming their property by
reason of permitting the bills of lading to be made out in
the name of the supposed agent. The instructions asked by
the appellant ignore this phase of the case, and we think the
court properly refused to give them. We are of the opinion
that the instruction given by the court properly stated the
law applicable to the case, as made by the evidence.

We find no error in the record for which the judgment
should be reversed.

Judgment affirmed.

Filed Feb. 21, 1889; petition for rehearing overruled May 15, 1889.