WILLIAM O. WYCKOFF and Others, Respondents, *v.* WILLIAM H. VICARY, Appellant.

*Replevin — the title to chattels is not parted with, by a sale to a supposed, but non-existent corporation.*

In an action of replevin brought to recover possession of a type writer and desk, it was proved that the agent of the plaintiffs negotiated the sale of the property with and delivered it to a person who represented himself to be the manager of a corporation, and who stated that the corporation was desirous of purchasing the machine and desk, and that he would have its directors authorize him to make the purchase.

The agent left the machine and desk with the alleged manager, who afterwards informed him that the directors had met and authorized him to purchase the property, which the plaintiffs thereupon charged to the corporation. It was shown that the corporation was never organized, and that the alleged manager had no authority to bind the proposed company. The property was not paid for.

The manager subsequently sold the property to the defendant, and this action was brought by the plaintiffs to recover possession of it.

*Held,* that inasmuch as the plaintiffs intended to make a sale to a company which did not exist, there was no sale on their part ;

That while the alleged manager was unquestionably liable to the plaintiffs, at their option, for the price of the machine and desk, he did not acquire such a title to them as would enable him to give a good title to an innocent purchaser for value from him ;

That the corporation having no existence the alleged manager could not, as agent of the corporation, give his vendee title to the property, nor could he do so by virtue of the delivery of the property to him, as there was no intention on the part of the plaintiffs or their agent to confer any title or control of the property on the manager individually.

APPEAL by the defendant, William H. Vicary, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Niagara on the 25th day of April, 1893, for the possession of certain personal property, or for the sum of seventy-five dollars, and costs.

*A. A. Bradley,* for the appellant.

*Devoe P. Hodson,* for the respondents.

LEWIS, J. :

The plaintiffs were co-partners. Their salesman, in October, 1891, called at an office in the city of Lockport, having upon the door the

name of "Lockport Electric Railroad, Light and Power Company," and found in the office Mr. Charles H. Laurence. He entered into negotiations with Laurence for the sale of a type-writing machine and a desk. Laurence told the agent that he was the manager of the Lockport Electric Railroad, Light and Power Company; that the company desired to purchase a type writer and desk; that he would bring the matter before the directors of the company the following Monday and have them authorize him to make the purchase, and that if the company consented he would so inform the agent. Upon inquiry being made by the agent, Laurence stated that he should charge the machine and desk to the company if it consented to buy them. The agent thereupon delivered the machine and the desk at the office, and Laurence thereafter informed him that the directors had had a meeting and authorized him to make the purchase, and the plaintiffs thereupon charged the company with the price of the machine and desk, amounting to the sum of $105. There had been some preliminary steps taken at this time looking to the formation of a company of the name mentioned, but it had not in fact been organized and has not since. Laurence had been trying to organize the company but had failed to do so; he had no express authority to act for the company in making the purchase in question. The plaintiffs, learning the situation, made efforts to collect the $105 of Laurence but failed. The defendant in good faith purchased the machine and desk of Laurence, and paid him therefor $75. Plaintiffs failing to get pay for their property, replevied it from the possession of the defendant.

The jury, under proper instructions from the court, found that it was the intention of plaintiffs' agent to sell the property to the company and not to Laurence. There being no such company in existence it could not take title, hence there was no sale. (*Rodliff* v. *Dallinger*, 141 Mass. 1; *The Peters Box Co.* v. *Lesh*, 119 Ind. 98.)

The defendant contends that Laurence, having assumed the right to purchase the property for a corporation not then formed, but which was expected to be organized, made himself liable to the plaintiffs for the purchase price of the property, and hence had the right to sell it to the defendant. Laurence, having falsely represented that he was authorized to purchase the property, was unquestionably liable to the plaintiffs for its purchase price, but it does not

follow that the plaintiffs were obliged to look only to Laurence. It was optional with them to either hold him or reclaim their property. The sale which the plaintiffs intended and supposed they had made having failed for lack of a purchaser was not thereby turned into a sale to Laurence, who conducted the transaction. If plaintiffs had parted with possession of the property with the intention of passing title to Laurence, then, the defendant being an innocent purchaser for value from Laurence, would have obtained good title even if Laurence had obtained possession thereof by fraud. (*Davis v. Bechstein*, 69 N. Y. 440.)

But the evidence tended to show, and the jury found, that the sale was not made to Laurence. He was not, therefore, the owner of the property, and could not give the defendant a good title to it. The plaintiffs had not clothed him with apparent authority to sell it. They delivered the property, as they supposed, to a corporation.

A *bona fide* purchaser of personal property other than commercial paper, although from one who has the possession, acquires no better title than that of his vendor. (*Bullard v. Burgett*, 40 N. Y. 314.)

Laurence was at the time of the delivery of the property in charge of the office, and ostensibly had charge of the affairs of the proposed corporation, but the evidence shows that he had no authority from the company to make the purchase. It cannot be successfully maintained that Laurence could give the defendant title to the property as agent for the corporation. The corporation not having been organized, could not have an agent, neither could it take title to the property, and, then, the defendant does not claim title from the corporation, but through Laurence. In the cases to which we are referred in the appellant's brief the vendors intended to confer the real or apparent ownership upon the party under whom the defendants claimed title and right of possession, which distinguishes these cases from the one at bar. The case was submitted to the jury with proper instructions, and we find no reason for disturbing the verdict.

The judgment and order appealed from should be affirmed.

DWIGHT, P. J., and HAIGHT, J., concurred.

Judgment and order of the Niagara County Court appealed from affirmed.