Filed October 18, 1895.

---

### No. 1,487.

## VERNON INSURANCE COMPANY OF INDIANAPOLIS, INDIANA, *v.* GLENN.

INSURANCE.—*Variations in Name of Company.*—*Evidence.*—*Complaint.*—*Policy.*—Where in an action on an insurance policy the

complaint declared against the Vernon Insurance Company of Indianapolis, and the copy of the policy filed as an exhibit discloses that the Vernon Life and Trust Trading and Manufacturing Company of Indianapolis issued the policy, and the exhibit also designates the corporation which issued the policy as the Vernon Insurance Life and Trust Trading and Manufacturing Company of Indianapolis, and also the Vernon Insurance Company of Indianapolis, the defendant having appeared and demurred and answered in the name of the Vernon Insurance Company, the original policy was admissible in evidence, the difference in name being explainable by extrinsic evidence.

From the Washington Circuit Court.

*S. N. Chambers, S. O. Pickens* and *C. W. Moores,* for appellant.

*R. J. Tracewell* and *Elliott & Hostetter,* for appellee.

Lotz, J.—The appellee sued the appellant on a fire insurance policy and recovered a judgment in the court below. The questions presented for consideration on this appeal arise under the assignment that the trial court erred in overruling appellant's motion for a new trial. The complaint declared against the Vernon Insurance Company of Indianapolis, Indiana. The copy of the policy filed as an exhibit to the complaint discloses that the Vernon Life and Trust, Trading and Manufacturing Company of Indianapolis, Indiana, issued the policy. In this exhibit the corporation which issued the policy is also designated as the Vernon Insurance Life and Trust, Trading and Manufacturing Company of Indianapolis, and the Vernon Insurance Company of Indianapolis.

The record shows that the defendant voluntarily appeared to the action without the issuing or service of process, and filed a demurrer to the complaint, and also filed an answer in two paragraphs in which it designated itself as the Vernon Insurance Company. On the trial the plaintiff offered in evidence the original policy, which

showed upon its face that it was issued by the Vernon Life Trust, Trading and Manufacturing Company of Indianapolis, Indiana. The corporation is also designated therein as the Vernon Insurance L. and T. T. and M. Company of Indianapolis and the Vernon Insurance Company. The defendant objected to the introduction of this evidence for the reason that it did not appear to be the same policy sued on, and because it did not conform to the allegations of the complaint. This objection was overruled, to which the defendant excepted. This ruling was assigned as one of the causes for a new trial. As a general rule when an action is predicated on a written instrument and there is a variance between the averments of the complaint and the exhibit, the exhibit controls in construing the pleading. The action was instituted and prosecuted upon the evident theory that all three of the names used to designate the corporation were the equivalents each of the other. They all had substantially the same meaning, and whatever apparent differences existed between them might be explained by extrinsic evidence. Names are used to designate persons and things, and are one of the means by which identification is established. *Talbott* v. *Hale*, 72 Ind. 1. The policy was a proper item of evidence, and the court did not err in its admission.

It is also insisted that there is a fatal variance between the averments of the complaint, in that the complaint declares against one corporation, and the proof is that another corporation issued the policy. We are of the opinion after examining the allegations in the complaint and the answer and of the evidence in the record, that one and the same corporation was meant with slightly varying names.

The other questions presented are the same as those determined in the case of *Indiana Ins. Co.* v. *Glenn*,

13 Ind. App. 534, and were there decided against the appellant, and need no further consideration here.

Judgment affirmed.

Filed May 16, 1895.

### ON PETITION FOR REHEARING.

LOTZ, J.—The appellant in support of its petition for a rehearing insists that this court did not consider the entire error presented by the record in admitting evidence to which objection was made. We desire to say that we gave the alleged error full consideration. We endeavored to group the objections all under one proposition and dispose of them all at the same time. That counsel may be convinced that we did not overlook any part of the evidence objected to, we set out that portion material for the determination of this question:

Ques.: "Do you know whether he (Zimmer) sold this stock of goods to Glenn?"

Ans.: "I do."

Objection by counsel for defendant to the question for the reason that it is immaterial and irrelevant. Objection overruled.

Ans.: "Well, sir; about the 1st of April, somewhere about that date, Mr. Glenn came to me and told me—"

Objection overruled.

Counsel for plaintiff: "We want to show further by this witness that this party took part in these negotiations and that he acted for the party, and that is really all he knows about the trade."

Ques.: "You may state, whether or not a sale was made by Zimmer to Glenn of that stock of goods, and how you know?"

Objection by counsel for defendant for the reason that it asks for a conclusion.

Objection overruled; exceptions allowed defendant.

Ans.: "I know that he purchased the stock of goods from Mr. Zimmer."

Ques.: "When?"

Ans.: "Somewhere about the 15th of May."

Ques.: "Do you know the terms of that purchase, Mr. Koerner?"

Ans.: "I did."

Ques.: "State to the court what it and what they were?"

Objection by the defendant as to asking for a conclusion and as asking for hearsay testimony.

Objection overruled; exceptions granted defendant.

Ans.: "The terms were that he was to pay one thousand cash on the stock of goods and the balance as it could be spared."

It will be seen from this that the fact of a sale was testified to before any objection was made. If the answer was made before an objection could be interposed, the proper practice would have been to move to strike it out; but no such motion was made. The first objection came too late, and when made it was too general to be valid. It is difficult to see how reversible error could be predicated upon the admission of evidence concerning a fact, when that fact is already in evidence without any valid objection being interposed. Whether or not the testimony to which the objection was timely made was admissible, we need not and do not decide; but there are authorities which indicate that it is admissible. Thus a witness may state the fact that an agreement or contract had been made. Lawson Expert and Opin. Ev. p. 534; *Lockett* v. *Mims*, 27 Ga. 205.

There was no reversible error in admitting the evidence complained of, under the circumstances in this case.

Petition overruled.

Filed October 29, 1895.