## MEYER ET AL. *v.* INDIANA NATIONAL BANK.

[No. 3,470.    Filed October 8, 1901.]

BANKS AND BANKING.—*Check.*—*Payment.*—*Fraud of Payee.*—A check was fraudulently procured by the payee who personated another. When the check was presented to and paid by the bank, the payee had indorsed the note in the name of the one he had personated, and also in his own name, having been identified by the bank. After payment the maker of the check learned of the fraud that had been perpetrated on him in procuring it and brought an action against the bank to recover the money, on the ground that payment had not been made to the payee named in the note. *Held*, that as payment was in fact made to the person to whom it was ordered paid and that the bank had no notice of the fraud, there could be no recovery.

From Marion Superior Court; *J. L. McMasters,* Judge.

Action by Solomon Meyer and others against Indiana Nat. Bank to recover amount of fraudulent check. From a judgment in favor of defendant, plaintiffs appeal. *Affirmed.*

*W. R. Gardiner, C. E. Barrett* and *E. A. Brown,* for appellants.

*N. Morris* and *L. Newberger,* for appellee.

Roby, J.—One Thomas B. Hornaday, represented to appellants that his name was Volney J. Dawson, that he owned certain real estate in Marion county, and by these and other representations which need not be repeated, but all of which were false and fraudulent, secured a loan of $600, giving a note and mortgage therefor by the assumed name. The amount so loaned was turned over by check upon appellee bank, payable in accordance with the signature of the note and mortgage. This check, Hornaday, alias Dawson, indorsed as payee, and presented for payment; he was identified as Hornaday, a long time resident of Indianapolis, again indorsed the check, this time by the name of Hornaday, and got the money. The check was duly charged and returned to appellant, and no question relative to its payment arose until long after. Six months later, Hornaday borrowed a second $600 in all respects duplicating the transaction described. Later still a gentleman, whose true name was Volney J. Dawson, and who did own the real estate described in the mortgage made by Hornaday, alias Dawson, discovered an apparent lien thereon. He promptly repudiated the entire transaction to which he was indeed in no sense, either directly or indirectly a party.

Appellants insist that the check was intended to be paid to Volney J. Dawson, who owned the real estate mortgaged, and that the bank, having paid to the wrong person upon a forged indorsement, must make good the loss. The check was made to be paid. The appellee had no option except to pay it when presented or indorsed by the payee. Who was the payee? Not the true Volney J. Dawson; he had made no note, mortgaged no land, and had no right to receive payment of the check. There may have been a number of persons bearing the name in the city, but that accident gave none of them any right to receive payment. Names are

merely used as one method of indicating identity of persons. *Vernon Ins. Co.* v. *Glenn,* 13 Ind. App. 340; *Meridian Nat. Bank* v. *First Nat. Bank,* 7 Ind. App. 322, 52 Am. St. 450; *Aultman, Miller & Co.* v. *Timm,* 93 Ind. 158.

The person to whom appellants ordered their funds to be paid was the one to whom they were paid. They were deceived as to his true name. They were mistaken as to his ownership of property and character. He obtained the check by gross fraud, but he had the right to payment as between himself and the bank, it having no notice of, or part in the fraud, or the transaction in which it was practiced.

Appellants are the victims of a fraud as bold as it was successful. They did not protect themselves when they could have done so, and the bank had neither opportunity nor power to take better care of them than they themselves did. The check was paid to the individual designated by and named in it. *Meridian Nat. Bank* v. *First Nat. Bank, supra; Robertson* v. *Coleman,* 141 Mass. 231, 4 N. E. 619, 55 Am. Rep. 471; *Metzger* v. *Franklin Bank,* 119 Ind. 359; *Hoge* v. *First Nat. Bank,* 18 Ill. App. 501; *Dunbar* v. *Boston, etc., R. Co.,* 110 Mass. 26, 14 Am. Rep. 576; *Maloney* v. *Clark,* 6 Kan. 82; *United States* v. *National Ex. Bank,* 45 Fed. 163.

Judgment affirmed.