PATTERSON ET AL. *v.* INDIANA INVESTMENT AND SECURITIES COMPANY.

[No. 10,894. Filed May 12, 1921.]

1. LARCENY.—*Obtaining Property by Fraud.*—One issuing a fraudulent check in payment of the purchase price of an automobile is not guilty of larceny, where the owner of the car intended to part with both the possession and right of property. p. 492.
2. CHATTEL MORTGAGE.—*Security.*—*Property Obtained by Fraud.* —*Rights of Mortgagee.*—One lending money secured by a mortgage on an automobile, which the mortgagor obtained by issuing a fraudulent check in payment of the purchase price, stands in the relation of a purchaser in good faith, and will be protected against the vendor's claims, where he had no knowledge of the mortgagor's fraud. p. 492.

From Marion Circuit Court (32,165); *Louis B. Ewbank,* Judge.

Action by the Indiana Investment and Securities Company against Robert Patterson and Ralph Boozer, partners. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Albert M. Bristor*, for appellant.
*John G. Rauch*, for appellee.

NICHOLS, J.—Action in replevin. Finding and judgment for appellee. The only error assigned is the court's action in overruling appellant's motion for a new trial which motion is based on the insufficiency of the evidence, and the court's decision being contrary to law.

The evidence was by stipulation which, so far as here involved, was substantially as follows: Appellants were the owners of the motor car in question. On January 2, 1920, Harry D. Shipp came to appellants and represented himself as a dealer in automobiles at Franklin, Indiana, and appellants knew him to be such dealer, as he, in fact, was at the time. He thereupon negotiated for the purchase of said car from the appellants at the price of $1,516, to be paid in cash by the check of the purchaser. Pursuant to such negotiations, the said Shipp then gave to appellants his check, on the Franklin National Bank, of Franklin, Indiana, for $1,516; and, upon delivering the check to appellants they delivered to said Shipp the said car. Said Shipp on January 5, 1920, mortgaged said car, in due form, as being the owner thereof, unto appellee and said mortgage was, within less than ten days thereafter, duly recorded in Johnson county, Indiana, of which county the said Shipp was, at the time, a resident, and in which county said car was then located. At said time, when said car was delivered to Shipp, he received from appellants a receipt which recited that such car was sold to Shipp Auto Agency, Franklin, Indiana, under which

NOVEMBER TERM, 1920. 491

Patterson *v.* Indiana, etc., Securities Co.—75 Ind. App. 489.

name said Shipp was then transacting business; and that the amount of $1,516 was "paid ck. 1-2-20," signed by the initials of the agent of appellants at Indianapolis. At the time said Shipp mortgaged said car to appellee, he exhibited to appellee the bill for said car, containing said recitals and endorsement. At the time said Shipp gave the check, he did not have the sum of money called for by the check on deposit in the Franklin National Bank; and when said check was presented to said bank, payment thereof was refused for that reason; and said check has never been paid; and appellants have never received any money on said check, nor otherwise in payment for said automobile. At the time the check was issued, said Shipp had some funds in the Franklin National Bank, but did not have sufficient to pay said check. Shipp knew, at the time he gave said check, that he did not have sufficient funds in said bank with which to pay it but he then believed that he would have funds paid to him by others, to deposit in said bank, and hoped to have sufficient funds to meet and pay the check before it was presented to said bank. Shipp had never at any time before, bought any cars from, or had any transactions with appellants, but he had previously acquired an automobile, of the kind sold by appellants, through its agency at Indianapolis, from another party, and had previously mortgaged said automobile to appellee. Prior to the bringing of this action, appellee made a demand upon appellants for the possession of its car, which demand was refused. On January 6, 1920, said check was protested for non-payment, and on January 7, 1920, appellants first learned that it had not been paid and had been protested. On said day appellants went to Franklin and took possession of said car, and thereafter brought it to Indianapolis. On January 25, 1920, which was after appellants had removed said automobile to Indianapolis, appellee first

492    APPELLATE COURT OF INDIANA,

Patterson *v.* Indiana, etc., Securities Co.—75 Ind. App. 489.

learned that appellants had so taken possession of said automobile.

Appellee, after demand on January 31, 1920, filed this suit and caused a summons to issue to the appellants. At the time said mortgage to appellee was executed by said Shipp, as above stated, appellee in consideration of said mortgage, loaned to Shipp, on the security of said mortgage, $1,156.80. At the time said mortgage was executed, and said money was so advanced, appellee did not know of any defect in the title of said Shipp to the said automobile, and did not know that he was not the sole and absolute owner thereof; and at said time, the said Shipp told the appellee that he was the sole and absolute owner of said automobile, and had purchased the same and paid for it.

Appellants contend that the purchaser of the automobile from them in the manner in which he did so purchase it, issuing a fraudulent check therefor, made him guilty of larceny, and then contend that one obtaining property by larceny can acquire no title to the same, and can convey no title to such property even as against good faith purchasers. They cite numerous authorities to sustain their contention, but we do not need to discuss them. Appellants' confusion results from failing properly to define the crime of larceny. If appellants had only intended to part with the possession of the property, and Shipp having obtained possession, had appropriated it to himself, he might have been guilty of larceny, but clearly appellants intended to part with both the possession and the right of property, and a fraudulent taking under such circumstances was not larceny. *Roberts* v. *State* (1914), 181 Ind. 520, 104 N. E. 970, and numerous authorities are cited. Appellee stood in the relation of a purchaser in good faith, and as such is protected against appellants' claim. *Miller* v.

*Stephenson* (1901), 27 Ind. App. 271, 59 N. E. 398, 61
N. E. 22; *Bell* v. *Cafferty* (1863), 21 Ind. 411; *Penin-
sular Stove Co.* v. *Ellis* (1898), 20 Ind. App. 491, 51
N. E. 105; *Waterbury* v. *Miller* (1895), 13 Ind. App.
197, 41 N. E. 383; *Levi* v. *Bray* (1895), 12 Ind. App. 9,
39 N. E. 754; *Alexander* v. *Swackhamer* (1886), 105
Ind. 81, 4 N. E. 433, 5 N. E. 908, 55 Am. Rep. 180.   The
judgment is affirmed.