HOHAM ET AL. v. AUKERMAN-TUESBURG MOTORS, INC.

[No. 11,091. Filed January 10, 1922.]

SALES.—*Property Procured by Fraud.*—*Rights of Innocent Purchaser.*—Where vendor sold an automobile to a stranger and accepted in payment therefor a check which was a forgery, he was not entitled to recover the automobile from one who purchased it from the forger in good faith for a valuable consideration, and without knowledge of the fraud perpetrated by the forger, since where one of two innocent persons must suffer by the acts of a third person, he who has enabled the third person to occasion the loss must sustain it.

From Pulaski Circuit Court; *Wm. C. Pentecost,* Judge.

Action by Harry P. Hoham and another against the Aukerman-Tuesburg Motors, Inc. From a judgment for defendant, the plaintiffs appeal. *Affirmed.*

*Rudolph V. Shakes* and *William J. Reed,* for appellants.

*Oscar B. Smith,* for appellee.

NICHOLS, J.—Action in replevin against appellee for the recovery of the possession of an automobile.

The complaint was in the usual form of complaints in replevin. Appellee answered in general denial, and with a second paragraph of answer in which it was averred, in substance, that appellants were residents of Plymouth, Marshall county, Indiana, and engaged in the business of purchasing and repairing second-hand automobiles; that appellee's place of business was Knox, Starke county, Indiana, and that it was engaged in the purchase, sale and distribution of automobiles and accessories. Appellee purchased the automobile described in the complaint of one Edward Bougher, who was then in possession of it and claiming to be the owner thereof, and sold the same to appellee as his property. Appellee paid said Bougher $475 as the full purchase price. Appellants repaired said automobile so that the same could be driven, put gasoline and oil therein, and fully equipped the same, and sold, transferred and delivered the possession and ownership thereof to said Bougher. Appellee purchased said automobile of said Bougher, and paid the full purchase price in good faith, believing that said Bougher was the owner thereof, and had no notice or knowledge that appellants had, or claimed any right, title or interest in and to said property.

The case was submitted to a jury for trial which returned a general verdict in favor of appellants, with answers to interrogatories upon which answers appellee moved the court for judgment in its favor, which motion was by the court sustained and judgment was rendered for appellee. The court's action in sustaining appellee's motion for judgment *non obstante* and in rendering judgment in favor of appellee, is the error assigned.

The substance of the answers to interrogatories, in narrative form, is as follows:

Appellants owned the automobile described in the complaint, on September 6, 1919, on which date Edward Bougher got such car from appellants.  He did not tell appellants, or either of them, that his name was Joseph Zellers.  Said Bougher gave a check for $650, signed by Joseph Zellers, in order to get the car described in the complaint from appellants.  This check was a forgery. Appellants did not collect said check or any part of it nor did either of them do so.  Appellant Thayer, before he accepted the check, called up the bank at Hobart, Indiana, and ascertained that a check for $650 signed by Joseph Zellers was good.  In the afternoon of September 6, 1919, Bougher took said automobile to a garage in Knox, Indiana, owned by appellee, who knew him by his true name, and sold such automobile to the appellee on Sunday, September 7, 1919.  Appellee asked where he got the car, and he told appellee from a man whose name he had forgotten, but that he had the name in his grip at the hotel, and that if he wanted him to he could go and get it; but appellee did not request said Bougher to give the name of the man from whom he had obtained the automobile.  If he had obtained the name from Bougher, and if appellee had made inquiry of him as to how he obtained the automobile he would have learned that it had been obtained through fraud.  Appellants were not present when appellee purchased the automobile of Bougher and did not know that appellee was about to purchase it.  It was of the fair market value of $225.  Appellee, at the time it obtained possession and paid for the automobile, had no knowledge concerning appellants' claim thereto.  Appellants had delivered the possession and control of such automobile to Edward Bougher who was a stranger to them at that time, and accepted a check therefor without identifying the drawer of such check.  Either the appellants or appel-

lee must sustain a loss in this case, and the injury was rendered possible by the conduct of appellants, and not by the conduct of appellee.

The interrogatory that elicited the answer that the conduct of appellants and not the conduct of appellee rendered possible the injury, should not have been submitted to the jury, but no question has been presented as to this error. However, without considering this answer, it is apparent from the facts as stated that appellants voluntarily parted with their automobile, and gave title thereto to Bougher accepting as a consideration therefor a forged check. As against Bougher the contract of sale was clearly voidable, but it was not void. Appellants might have elected to affirm the sale and to sue for the purchase price. It is clear from the answers that appellee purchased the automobile of Bougher without knowledge of the fraud which had been perpetrated in the purchase thereof, and that appellee paid its money therefor in good faith. Appellee, having purchased under such circumstances, is not required to suffer loss. While appellants might have recovered their property while the same was yet in the hands of Bougher, they cannot recover it when it has passed into the hands of a *bona fide* purchaser for value. *Bell* v. *Cafferty* (1863), 21 Ind. 411; *Claflin* v. *Scottman* (1881), 77 Ind. 58; *Curme-Dunn & Co.* v. *Rauh* (1885), 100 Ind. 247; *Levi* v. *Bray* (1895), 12 Ind. App. 9, 39 N. E. 754.

The principle that where one of two innocent persons must suffer by the acts of a third person, he who has enabled such third person to occasion the loss must sustain it, controls in this case.

The judgment is affirmed.