## ROCCO *v.* SERVER ET AL.

[No. 13,330. Filed March 8, 1929. Rehearing denied June 7, 1929.]

*Walter O. Lewis* and *Henderson & Henderson,* for appellant.

*Clyde P. Miller,* for appellees.

NICHOLS, J.—Action by appellant in replevin, seeking to recover from appellees the immediate possession of an automobile and damages for the unlawful and wrongful detention thereof.

There was a trial by the court and a finding for appellees, on which judgment was rendered that appellant take

nothing, from which this appeal, appellant assigning as error the court's action in overruling its motion for a new trial, presenting the insufficiency of the evidence to sustain the decision of the court, and that the decision is contrary to law.

Appellant was an automobile dealer in Los Angeles, California, and one O'Brien had negotiated to purchase the car in question, and such negotiations were had that the dealer agreed to sell and O'Brien to buy it at an agreed price. O'Brien presented a check, which appellant took upon the representation of O'Brien that he had in a bank in Long Beach, California, on which the check was drawn, $5,000, showing to appellant a deposit slip for that amount in the bank. This was after banking hours on Saturday afternoon, and early on Monday appellant learned that he had never had any account therein.

Upon the issuance of said check and said representations, appellant delivered the car and an invoice, or bill of sale, on his letter head, describing the car, and marked it "paid" over his own signature. Appellant went to the Auto Club with O'Brien, turned in a report of sale and got the license plates. Appellant then filled out an application for a certificate of ownership naming "E. O'Brien" as owner, filling in all the blanks as to license number and description of car, as required by the law, and mailed this application, with O'Brien's name subscribed thereto, to the motor vehicle department for O'Brien, and such application for certificate of ownership was approved by the department and the certificate— "Pink Slip"—was duly mailed by the department to O'Brien at the address furnished by Rocco.

Appellant's statement that the application was not approved, and certificate of title was not issued, is not sustained by the evidence as set out in his brief. When the certificate of title was mailed to O'Brien at the ad-

dress given in his application, the motor vehicle department had done all that was required of it, and the California law was fully complied with. True, O'Brien did not have the physical possession of the certificate of title but that was not because of any failure of the state to act, for it had mailed it to him, as directed, and appellant's possession of it was because of his opening of O'Brien's mail.

Under the facts in this case, as above, the full faith and credit clause of the federal Constitution, Art. 4, §1, §18 Burns 1926, and the statutory provisions of the state, §§497, 504 and 505 Burns 1926, are not involved, giving full faith and credit to the California statute. Under the evidence herein, that state had done all it could do to vest the title to the automobile in O'Brien, and we do not need to look further to the statute of that state to determine the rights of the parties herein.

O'Brien, having purchased and obtained possession of the automobile by false pretenses, absconded from the State of California, came to Indiana, and using such papers as he had, which included the invoice or bill of sale of the car, which was marked "paid" or "paid in full," he obtained from the Secretary of State, registration and certificate of title, and thereupon sold the car to I. Wolf and Company, who, in turn, sold it to appellees, both of whom were innocent purchasers, and are now innocent holders of the automobile involved. If, as appellant contends, the transaction amounted to a larceny on the part of O'Brien, then the transaction would have been void, no title would have passed, and appellees, as innocent purchasers, would not have been protected. But the transaction did not constitute a larceny. If, as held in *Patterson* v. *Indiana, etc., Securities Co.* (1921), 75 Ind. App. 489, 131 N. E. 19, appellant had only intended to part with the possession of the property, as for instance, by loan or hire, and O'Brien,

having so obtained possession thereof, appropriated it to himself, he would have been guilty of a larceny, the transaction would have been void, and appellees would not have been protected as innocent purchasers, but where, as here, the delivery of possession was with the intention of a sale, the fraudulent taking was not larceny, at common law, the transaction was voidable, and while appellant might have recovered the property as against O'Brien, he cannot do so as against appellees as good faith purchasers.

Judgment affirmed.