## DRESHER v. ROY WILMETH CO., INC.

[No. 17,697. Filed November 19, 1948.]

*Noel C. Neal,* attorney for appellant.

*Hugh E. Reynolds, Slaymaker, Merrill, Locke, & Reynolds,* all of Indianapolis, attorneys for appellee.

HAMILTON, J.—This is an appeal by appellant from an adverse judgment in an action in replevin wherein

he sought to recover from appellee the possession of a 1940 four-door Cadillac sedan automobile. Issues were joined and the cause submitted for trial to the court without a jury. The court found the facts specially and stated its conclusions of law thereon favorably to the appellee and against appellant. Judgment was duly rendered upon the conclusions of law, and upon the overruling of appellant's motion for a new trial, he prosecutes this appeal.

The errors assigned are: (1) that the court erred in overruling the motion for a new trial; (2) that the court erred in its first conclusion of law; and (3) that the court erred in its second conclusion of law.

An examination of the record discloses sufficient evidence to establish the following facts, which were found specially by the court, to wit:

That the appellant (plaintiff below) was on October 22, 1945, engaged in the purchase and sale of used cars; that on October 22, 1945, said appellant purchased a 1940 Cadillac four-door sedan automobile from one Jewell F. Largent for the sum of $1300; that the certificate of title to said car was assigned by said Largent to the appellant who did not apply for a certificate of title therefor in his own name. On October 24, 1945, a man who represented his name to be Charles Romans, of Vevay, Indiana, came to appellant's place of business to buy an automobile; that appellant sold said 1940 four-door sedan Cadillac to said person for the sum of $1795; that in payment of said car said purchaser gave appellant a check in the sum of $1795, dated October 24, 1945, drawn on the First National Bank of Vevay, Indiana, payable to O. L. Dresher and signed by said purchaser as Charles Romans; that plaintiff endorsed said check and on October 25, 1945, deposited said check in his

deposit account at the Bankers Trust Company, Indianapolis, and said check was duly sent to the First National Bank, Vevay, Indiana, for payment, where payment was refused as a forgery and worthless and returned to appellant on October 30, 1945.

At the time of the transaction on October 24, 1945, appellant executed and delivered a bill of sale for said Cadillac car to said purchaser and also executed and delivered to him an assignment of title to said car upon the certificate of title which appellant had received from said Largent on October 22, 1945. Said purchaser in the name of Charles Romans signed an application for a certificate of title to said automobile which was prepared by appellant and who witnessed the signature of said purchaser in the name of Charles Romans and appellant acknowledged such signature as a notary public. In preparing said application for a certificate of title, appellant stated thereon that there were no liens or encumbrances on said automobile. Thereupon, the purchaser, who represented himself as Charles Romans, took possession of the car with the knowledge and consent of the appellant and drove it from appellant's place of business to the State House in Indianapolis and obtained a certificate of title for said automobile in the name of Charles Romans, which certificate of title was in the form required by law and did not disclose the name of any prior owner, nor any liens or encumbrances. License plates were duly issued by the Department of Motor Vehicles for said automobile, which plates the purchaser, as Charles Romans, took to the appellant's place of business, where they were attached to the car, after which said purchaser drove the car away with the knowledge and consent of appellant. On October 25, 1945, said purchaser, in the name of Charles Romans, drove said Cadillac car

to the appellee's place of business in Indianapolis and offered to sell the same to appellee, which agreed to, and did, purchase said car at and for the sum of $1300. The person in possession of said car under the name of Charles Romans assigned the certificate of title for said car which had been issued by the Department of Motor Vehicles on October 24, 1945, to the appellee and thereupon appellee executed and delivered its check dated October 25, 1945, and drawn upon the Indiana National Bank, Indianapolis, in the sum of $1300, payable to Charles Romans, the person in possession of said automobile. On the same date, October 25, said person in the name of Charles Romans presented said check to the Indiana National Bank upon which the check was drawn and received the cash thereon, and said check was duly charged against appellee's deposit account in said bank. The person who purchased said car from appellant, and who sold the same car to the appellee, and who executed and assigned the certificate of title to said car, and who endorsed the check and received the cash from the Indiana National Bank, and who claimed to be Charles Romans throughout all of said transactions, was at all times the same person and individual.

The court expressly found that: "The transaction between the plaintiff and the man who represented himself to be Charles Romans was a face to face transaction, and it was the desire and intention of the plaintiff to, and he did in fact, sell, assign and transfer all right and title to the said Cadillac to the person with whom he was dealing."

The following further facts were found: That the appellee purchased said Cadillac car from the man claiming to be Charles Romans for value without notice or knowledge, actual or constructive, that there

was any defect in the title to said car, and said appellee was a *bona fide* purchaser of said Cadillac car from the man representing himself as Charles Romans; that in truth and in fact said man was not Charles Romans and his true Christian name was and is Elmer Romans, who was an ex-convict on parole.

Upon the foregoing facts the court renderd the following conclusions of law:

1. That the appellee is the owner and entitled to the possession of said Cadillac car and that the appellant is not entitled to the possession of said automobile.

2. That the law is with the appellee and that appellant is not entitled to recover possession of said automobile.

Appellant's contention that the court erred in its conclusion of law is based upon the proposition that, where a vendor delivers his property to another person by reason of deceptive appearances or false and fraudulent representations of the other person, in the belief that he is contracting a sale with someone else, no title passes, which will protect even an innocent purchaser for the reason that mutual consent to the contract of sale is lacking and therefore there is no consent. In such cases the invalidity of the transaction does not depend upon the fraud but upon the fact that consent of one of the contracting parties is wanting; citing: *Alexander* v. *Swackhamer* (1886), 105 Ind. 81, 4 N. E. 433; *Peters Box & Lumber Co.* v. *Lesh* (1889), 119 Ind. 98, 20 N. E. 291; *School Sisters of Notre Dame* v. *Kusnitt* (1910), 125 Md. 323, 93 Atl. 928.

We have no quarrel with the principle of law asserted by appellant, but we are unable to agree that the same is applicable to the facts found in the instant case.

In this case the trial court has expressly found as a fact that this was a face to face transaction and that it was appellant's intention to sell, assign, and transfer all right and title to the Cadillac automobile to the person present and with whom he was dealing and there is ample evidence to support this finding of fact.

It is well settled that, where a person by his own acts makes it possible for a vendee of personal property to sell the property to a *bona fide* purchaser for value without notice, the original owner and seller may not recover the property from such *bona fide* purchaser. *Nichols* v. *Bogda Motors, Inc.* (1948), *ante*, p. 156, 77 N. E. 2d 905; *Rocco* v. *Server* (1929), 89 Ind. App. 457, 165 N. E. 335; *Hoham* v. *Aukerman-Tuesburg Motors* (1922), 77 Ind. App. 316, 133 N. E. 507.

In the instant case the parties met face to face and entered into a contract of sale of the Cadillac automobile and they intended to deal with each other even though the appellant was misled and deceived as to the other person's real Christian name. In such cases it has been held that the use of a name is unimportant. *Meyer* v. *Indiana Nat. Bank* (1901), 27 Ind. App. 354, 356, 61 N. E. 596; 2 Williston, *Sales* § 635 (2d ed 1924).

Appellant assigned and transferred to the purchaser the title to the Cadillac automobile and stated therein under oath that no liens existed upon said car. Appellant could have protected himself by reserving a lien for the purchase price in the assignment of the title or by retaining possession of the certificate of title until the check received in payment had cleared the bank upon which it was drawn. He did neither but, on the contrary, gave the purchaser

a lien-free, clear title and possession of the automobile so that such purchaser was enabled to sell, assign, and transfer a lien-free, clear title and possession of said automobile to appellee for value and without notice or knowledge of any liens or defects in the title. Under such circumstances, appellant was not entitled to recover possession of the automobile from appellee. *Hoham* v. *Aukerman-Tuesburg Motors, supra; Meyer* v. *Indiana Nat. Bank, supra; Nichols* v. *Bogda Motors, supra; Patterson* v. *Indiana Investment and Securities Co.* (1921), 75 Ind. App. 489, 131 N. E. 19; Williston, *Sales, supra.*

Finding no error in the record, the judgment of the trial court is hereby affirmed.

NOTE.—Reported in 82 N. E. 2d 260.