FRYER *v.* DOWNARD ET AL.

[No. 19,595. Filed January 16, 1963.]

*Samuel J. Mantel, Forrest Semones* and *Mantel & Doyle,* all of Indianapolis, for appellant.

*Edward D. Lewis,* of Plainfield and *Fred Cramer,* of Shelbyville, for appellees.

PFAFF, J.—Appellee Irene Downard brought this action in replevin for possession of an automobile and for damages for its detention against appellant Richard Fryer and appellee Farmer's National Bank of Shelbyville, Indiana. Appellee Downard was adjudged owner of the car and was permitted to recover Two Hundred ($200.00) Dollars damages from Fryer.

The appellant complains to this court of the overruling of his motion for a new trial, which motion states that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The parties stipulated all of the facts. James T. Downard, deceased spouse of appellee Irene Downard, was the legal owner of a 1958 Plymouth Plaza Club Sedan automobile, and under the terms of his will his wife became the absolute owner of said car.

On September 21, 1958, after the car became the property of appellee Downard, she agreed to sell the car to one Robert F. Gray for the sum of Two Thousand ($2,000.00) Dollars. Gray gave her a check for that amount. In return for this she gave Gray the Certificate of Title to the motor vehicle, which showed James T. Downard as record owner. The form of assignment, which appears on such a Certificate of Title, was not signed. This transaction took place at

the Downard home in Danville, Indiana. After the purchase, Mrs. Downard caused said automobile to be driven by her son-in-law to Indianapolis, because Gray had driven another car from Indianapolis to Danville.

Appellee Downard promptly deposited the check in her bank. The check was executed in the company name of College Motors Sales, and the bank, as well as appellees, quickly learned that this company was no longer in business.

On September 22, 1958, Gray went to the place of business of Gibson Company, Inc., doing business as Capitol Motors. He represented himself to be James T. Downard and offered to sell the car in question. By this time the assignment on the Certificate of Title was completed in the name of James T. Downard. The signature was a forgery. Gray stated that he had purchased the vehicle at Phillips Motor Sales in Plainfield, Indiana. When Capitol Motors contacted Phillips Motor Sales, they were advised that James T. Downard had purchased the car, and there were no liens on it. Capitol Motors then gave Gray its check for One Thousand Three Hundred Fifty ($1,350.00) Dollars payable to James T. Downard, Danville, Indiana. The check was endorsed "James T. Downard", and it was immediately cashed by the bank. The endorsement was likewise a forgery.

After installing a radio and right and left rear view mirrors, Capitol Motors sold the car on September 27, 1958, to appellant, Richard C. Fryer, for One Thousand Two Hundred Seventy-five ($1,275.00) Dollars and a 1955 4-Door Chevrolet. Appellant at no time knew of the transactions involving Gray.

Appellee Farmer's National Bank, Shelbyville, Indiana, believed appellant to be the owner of the car;

therefore they loaned appellant Two Thousand Seven Hundred Eighty-six and 76/100 ($2,786.76) Dollars and accepted his promissory note secured by a chattel mortgage on the car. It was the intention of the appellant to give a valid chattel mortgage.

Indiana courts have consistently held that legal title passes to a defrauding buyer. This title is not void; it is voidable, which means that when title gets into the hands of a bona fide purchaser for value then he will prevail over the defrauded seller. *Bell* v. *Cafferty* (1863), 21 Ind. 411; *Hoham* v. *Aukerman-Tuesburg Motors* (1922), 77 Ind. App. 316, 133 N. E. 507; *Dresher* v. *Roy Wilmeth Co.* (1948), 118 Ind. App. 542, 82 N. E. 2d 260.

The court said in *Dresher* v. *Roy Wilmeth Co., supra,* at p. 548:

"Appellant assigned and transferred to the purchaser the title to the Cadillac automobile and stated therein under oath that no liens existed upon said car. Appellant could have protected himself by reserving a lien for the purchase price in the assignment of the title or by retaining possession of the certificate of title until the check received in payment had cleared the bank upon which it was drawn. He did neither but, on the contrary, gave the purchaser a lien-free, clear title and possession of the automobile so that such purchaser was enabled to sell, assign, and transfer a lien-free, clear title and possession of said automobile to appellee for value and without notice or knowledge of any liens or defects in the title. Under such circumstances, appellant was not entitled to recover possession of the automobile from appellee. *Hoham* v. *Aukerman-Tuesburg Motors, supra; Meyer* v. *Indiana Nat. Bank supra; Nichols* v. *Bogda Motors, supra; Patterson* v. *Indiana Investment and Securities Co.* (1921), 75 Ind. App. 489, 131 N. E. 19; Williston, *Sales, supra.*"

This holding is in accord with the Uniform Sales Act, which Indiana adopted several years later, §58-208, Burns' 1951 Replacement:

> "Where the seller of goods has a voidable title thereto, but his title has not been avoided at the time of the sale, the buyer acquires a good title to the goods, provided he buys them in good faith, for value, and without notice of the seller's defect of title."

The only basis for distinction between the case before us and the authorities above cited is the fact that Mrs. Downard did not sign the form of assignment on the Certificate of Title, which she gave to Gray. We do not believe that the failure to sign is a substantial difference, which should result in a change of the equities. The same principle can be applied.

> "The principle that where one of two innocent persons must suffer by the acts of a third person, he who has enabled such third person to occasion the loss must sustain it, controls in this case." *Hoham* v. *Aukerman-Tuesburg Motors* (1922), 77 Ind. App. 316, 319, 133 N. E. 507.

In addition the Indiana statutes provide that it is a misdemeanor for any vendor to sell a motor vehicle and fail to assign the Certificate of Title, §47-2502(a), Burns' 1952 Replacement. Appellee Downard exhibited a clear intention to sell, and yet she failed to sign the form of assignment on the Certificate. She should not now be placed in a better position than if she had signed the Certificate as provided in the statute.

The trial court was in error in applying the law to the stipulated facts.

Judgment reversed.

Mote, P. J., Hunter and Kelley, JJ., concur.

NOTE.—Reported in 187 N. E. 2d 105.