**Lewis A. MOWAN d/b/a Three Rivers GMC, Appellant (Defendant Below),**

**v.**

**Robert D. ANWEILER and Christine Beckstedt d/b/a Christy's Auto Sales, Appellees (Plaintiffs Below).**

**No. 4–483A122.**

Court of Appeals of Indiana, Fourth District.

Sept. 27, 1983.

Robert O. Vegeler, Dumas, Backs, Salin & Vegeler, Fort Wayne, for appellant.

Ward W. Miller, Torborg, Miller, Moss & Harris, Fort Wayne, for appellees.

CONOVER, Presiding Judge.

Lewis A. Mowan, d/b/a Three Rivers GMC (Mowan) appeals the trial court's entry of summary judgment against him and its order permitting garnishment of his corporation's bank account in order to satisfy the judgment.

We reverse.

ISSUE

Since we reverse, we need only address the following issue:

Did the trial court err by entering summary judgment against Mowan?

FACTS

Robert D. Anweiler (Anweiler) and Christine Beckstedt (Beckstedt) d/b/a Christy's Auto Sales are used car dealers. On June 18, 1982, Anweiler, on behalf of Beckstedt, delivered a 1981 Oldsmobile Cutlass to Karl F. Seiler (Seiler), also a used car dealer. Anweiler gave an unsigned and incomplete Reassignment of Registered Dealer affidavit and certificate of title to Seiler in exchange for a $6,200 check. On June 21, Mowan purchased the car from Seiler and was given a completed and notarized transfer of title certificate. Seiler's check to Anweiler was not honored and he filed bankruptcy.

On October 19, 1982, Anweiler and Beckstedt filed a complaint for damages against Mowan. After he answered, Anweiler and Beckstedt moved for summary judgment. The trial court granted the motion on January 11, 1983. Anweiler and Beckstedt then filed proceedings supplemental adding the Allen County Bank and Trust Company (Bank) as garnishee/defendant. After a hearing on the proceedings supplemental, the trial court allowed the garnishment of Mowan's corporate account, finding the transfer of funds to that account was fraudulent to creditors. From both the order granting summary judgment and the order permitting garnishment of the bank account, Mowan appeals.

DISCUSSION AND DECISION

Mowan argues the trial court erred by entering summary judgment against him on the plaintiff's claim for damages. Specifically, he claims he was a good faith purchaser of the automobile and may be entitled to protection under Ind.Code 26–1–2–403. We agree.

Our standard of review on summary judgment issues is well known.

When reviewing the trial court's entry of summary judgment, this court must determine whether there is any genuine issue of material fact and whether the law was applied correctly. *Zalewski v.*

*Simpson,* (1982) Ind.App., 435 N.E.2d 74; *Carroll v. Lordy,* (1982) Ind.App., 431 N.E.2d 118. The burden is on the proponent to prove no genuine issue of material fact exists. *Podgorny v. Great Central Insurance Co.,* (1974) 160 Ind.App. 244, 311 N.E.2d 640. While summary judgment is a desirable tool to allow the trial court to dispose of cases where only legal issues exist, it may not be used as a substitute for trial in determining factual disputes. *Id.*

*Clipp v. Weaver,* (1983) Ind., 451 N.E.2d 1092, at 1092–93, quoting *Clipp v. Weaver,* (1982) Ind.App., 439 N.E.2d 1189, 1190.

■ The plaintiffs initially argue Mowan waived this issue by failing to specifically plead the "good faith" defense. They claim Mowan was required under Ind.Rules of Procedure, Trial Rule 9.1(D) to plead and prove his status as a "bona fide purchaser for value." However, when the parties present an issue to the court by consent, an exception to the pleading requirement rule is recognized. *Dawson v. St. Vincent Hospital and Health Care Center, Inc.,* (1981) Ind.App., 426 N.E.2d 1328, 1331; *Lawshe v. Glen Park Lumber Co.,* (1978) 176 Ind.App. 344, 375 N.E.2d 275, 278. *See also* T.R. 15(B).

■ Here, the plaintiffs' complaint raises the good faith issue. It states Seiler "sold the car", "transferred the vehicle to the defendant", "absconded with the proceeds" and he had no valid title "notwithstanding *Mowan's good faith* in the matter" (emphasis supplied). In Mowan's affidavit in opposition to the plaintiff's motion for summary judgment, he stated the defendant "purchased an automobile in good faith" and the defendant "has subsequently sold the automobile in the normal course of business." The plaintiffs never moved to strike any part of the affidavit as immaterial. Thus, the "good faith" defense was sufficiently raised by the consent of the parties.

■ Mowan claims he was a good faith purchaser and is protected since he received voidable title from Seiler. The plaintiffs argue Seiler only had void title and therefore Mowan received nothing. We find two cases dispositive of this issue.

The facts in *Fryer v. Downard,* (1963) 134 Ind.App. 226, 187 N.E.2d 105 are similar and clearly analogous to the instant case. There, the car owner agreed to sell it to Gray. Gray gave the owner a check, which was not honored, the owner giving Gray an unsigned certificate of title. Gray then took the car and the certificate of title, with a forged signature appended, and sold the car to a used car dealer. He then sold it to the appellant-purchaser. The original car owner sued the appellant-purchaser seeking replevin and damages.

The court held:

Indiana courts have consistently held that legal title passes to a defrauding buyer. This title is not void; it is voidable, which means that when title gets into the hands of a bona fide purchaser for value then he will prevail over the defrauded seller.

The court said in *Dresher v. Roy Wilmeth Co.,* supra [118 Ind.App. 542], at p. 548, 82 N.E.2d [260] at p. 262; ....

... Under such circumstances, appellant was not entitled to recover possession of the automobile from appellee.

This holding is in accord with the Uniform Sales Act, which Indiana adopted several years later, § 58–208, Burns' 1951 Replacement: [1]

---

1. The essence of this statute is now embodied in IC 26–1–2–403 which provides as follows:

    (1) A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though

    (a) the transferor was deceived as to the identity of the purchaser; or

    (b) the delivery was in exchange for a check which is later dishonored, or

    (c) it was agreed that the transaction was to be a "cash sale"; or

"Where the seller of goods has a voidable title thereto, but his title has not been avoided at the time of the sale, the buyer acquires a good title to the goods, provided he buys them in good faith, for value, and without notice of the seller's defect of title."

The only basis for distinction between the case before us and the authorities above cited is the fact that Mrs. Downard did not sign the form of assignment on the Certificate of Title, which she gave to Gray. We do not believe that the failure to sign is a substantial difference, which should result in a change of the equities. The same principle can be applied.

"The principle that, where one of two innocent persons must suffer by the acts of a third person, he who has enabled such third person to occasion the loss must sustain it, controls in this case." (Citations omitted.)

*Id.* at 229–30, 187 N.E.2d at 107.

In *Sacks v. State,* (1977) 172 Ind.App. 185, 360 N.E.2d 21, under IC 26–1–2–403, the court held:

Section 2–403 was intended to determine the priorities between the two *innocent* parties: (1) the original owner who parts with his goods through fraudulent conduct of another and (2) an innocent third party who gives value for the goods to the perpetrator of the fraud without knowledge of the fraud. By favoring the innocent third party, the Uniform Commercial Code endeavors to promote the flow of commerce by placing the burden of ascertaining and preventing fraudulent transactions on the one in the best position to prevent them, the original seller. (Emphasis in original.)

(d) the delivery was procured through fraud punishable as larcenous under the criminal law.

(2) Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business.

(3) "Entrusting" includes any delivery and any acquiescence in retention of possession regardless of any condition expressed be-

*Id.* at 198, 360 N.E.2d at 28 (footnote omitted). The plaintiffs, however, argue Mowan was not a good faith purchaser for value.

The terms here involved are defined as follows:

(19) "Good faith" means honesty in fact in the conduct or transaction concerned.

. . . .

(32) "Purchase" includes taking by sale, discount, negotiation, mortgage, pledge, lien, issue or re-issue, gift or any other voluntary transaction creating an interest in property.

(33) "Purchaser" means a person who takes by purchase.

. . . .

(44) "Value". Except as otherwise provided with respect to negotiable instruments and bank collections (sections 3–303, 4–208 and 4–209) a person gives "value" for rights if he acquires them

(a) in return for a binding commitment to extend credit or for the extension of immediately available credit whether or not drawn upon and whether or not a chargeback is provided for in the event of difficulties in collection; or

(b) as security for or in total or partial satisfaction of a pre-existing claim; or

(c) by accepting delivery pursuant to a pre-existing contract for purchase; or

(d) generally, in return for any consideration sufficient to support a simple contract. (Footnote omitted.)

IC 26–1–1–201. In their pleadings, the plaintiffs acknowledge facts which satisfy two of those definitions. In their complaint, the plaintiffs state Seiler "sold the car", "transferred the vehicle to the defendant", all facts which satisfy the definition of purchase. They further state Seiler had

tween the parties to the delivery or acquiescence and regardless of whether the procurement of the entrusting or the possessor's disposition of the goods have been such as to be larcenous under the criminal law.

(4) The rights of other purchasers of goods and of lien creditors are governed by the Articles[1] on Secured Transactions (Article 9[2]), Bulk Transfers (Article 6[3]) and Documents of Title (Article 7[4]).

no valid title "notwithstanding Mowan's good faith in the matter," thus acknowledging Mowan's good faith. In addition, they allege Seiler "absconded with the proceeds". This implies Mowan gave consideration for the car. Whether it was "sufficient to support" this contract, and thus "value" as above-defined is a question of fact to be resolved at trial. The plaintiffs were not entitled to summary judgment.

Reversed and remanded to the trial court for proceedings consistent with this opinion.

MILLER and YOUNG, JJ., concur.